**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Everlake Life Insurance Company f/k/a | ) | |
| Allstate Life Insurance Company, | ) | |
| | ) | |
|     Plaintiff | ) | Case No. 23-cv-3056 |
| | ) | |
|     v. | ) | |
| | ) | |
| Mark Allen Miller, William Samuel Margison, | ) | |
| Sherry Camacho, Victoria Olivas, Kyle Anthony | ) | |
| Reynolds, Wendy Reynolds, Evangelista Baez, Jr., | ) | |
| Celedonio Hernandez, Jr., N. C. R., a minor, by his | ) | |
| parent, Courtney Reynolds, and Kicking It Back | ) | |
| Inc., a nonprofit | ) | |
| | ) | |
|     Defendants | ) | |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Everlake Life Insurance Company f/k/a Allstate Life Insurance Company

("Everlake Life"), by and through its attorneys, brings this complaint for interpleader relief,

pursuant to 28 U.S.C. § 1335, against Defendants Mark Allen Miller ("Mr. Miller"), William

Samuel Margison ("Mr. Margison"), Sherry Camacho ("Ms. Camacho"), Victoria Olivas ("Ms.

Olivas"), Kyle Anthony Reynolds ("Mr. Reynolds"), Wendy Reynolds ("Ms. Reynolds"),

Evangelista Baez, Jr. ("Mr. Baez"), Celedonio Hernandez, Jr. ("Mr. Hernandez"), Nico Cruz

Reynolds ("Nico"), a minor, by his parent, Courtney Reynolds, and Kicking It Back Inc.

("Kicking It Back") (collectively, "Defendants").

## INTRODUCTION

1.    This is an interpleader action in which Everlake Life seeks a determination from

the Court regarding the proper beneficiary of the proceeds payable under a Flexible Premium

Adjustable Life Insurance policy, contract no. 792744029 (the "Policy"), following the death of the insured Sandra Miller a/k/a Sandra J. M. Miller ("Decedent").

## PARTIES

2.      Everlake Life is a company organized and existing under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois.

3.      Mr. Miller is an adult citizen of the State of Florida and maintains a primary residence in Lake City, Columbia County, Florida. Mr. Miller is a citizen of Florida.

4.      Mr. Margison is an adult citizen of the State of Indiana and maintains a primary residence in Edinburgh, Johnson County, Indiana. Mr. Margison is a citizen of Indiana.

5.      Ms. Camacho is an adult citizen of the State of Ohio and maintains a primary residence in Upper Sandusky, Wyandot County, Ohio. Ms. Camacho is a citizen of Ohio.

6.      Ms. Olivas is an adult citizen of the State of Ohio and maintains a primary residence in Upper Sandusky, Wyandot County, Ohio. Ms. Olivas is a citizen of Ohio.

7.      Mr. Reynolds is an adult citizen of the State of Indiana and maintains a primary residence in Merriville, Lake County, Indiana. Mr. Reynolds is a citizen of Indiana.

8.      Ms. Reynolds is an adult citizen of the State of Indiana and maintains a primary residence in Merriville, Lake County, Indiana. Ms. Reynolds is a citizen of Indiana.

9.      Mr. Baez is an adult citizen of the State of Indiana and maintains a primary residence in Crown Point, Lake County, Indiana. Mr. Baez is a citizen of Indiana.

10.      Mr. Hernandez is an adult citizen of the State of Illinois and maintains a primary residence in Beecher, Will County, Illinois. Mr. Hernandez is a citizen of Illinois.

11.      Nico, a minor, by his parent, Courtney Reynolds, is a citizen of the State of Illinois and maintains a primary residence in Steger, Cook County, Illinois. Nico is a citizen of Illinois.

2

12.     Upon information and belief, Kicking It Back is a nonprofit organization existing under the laws of the State of Illinois with its principal place of business in Beecher, Will County, Illinois.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because the amount at issue in this interpleader claim exceed $500, and two or more adverse claimants of diverse citizenship claim to be entitled to the proceeds due under the subject Policy.

14.     Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. § 1397, because one of the defendants resides in this judicial district.

15.     Everlake Life is a disinterested stakeholder, obligated under the subject Policy to issue a death benefit to the beneficiary upon due proof of the insured's death while the Policy is in force and prior to the maturity date. Defendants have conflicting and competing demands to the Policy benefit.

16.     Everlake Life is prepared to pay the disputed Policy benefit into the registry of this Court and will file a motion seeking permission from the Court to do so.

## FACTS

17.     On or about September 9, 1994, Decedent applied for the Policy, a universal life contract with a face amount of $100,000.00. *See* Application, a true and correct copy of which is attached hereto as **Exhibit A**.[1]

18.     On the application, Decedent designated Mr. Miller (son), Mr. Hernandez (nephew), and Nancy Reynolds (niece), as equal primary beneficiaries. *See* Ex. A.

---

[1] All exhibits have been redacted to protect confidential information.

19.     On or about October 5, 1994, Everlake Life issued the Policy to Decedent. A true and correct specimen copy of the Policy is attached hereto as **Exhibit B**. The Policy has a maturity date of October 5, 2039.

20.     The Policy provides that the death benefit is adjustable and is payable if the insured dies prior to the maturity date. *See* Ex. B, p. 1.

21.     The Policy further provides that "[u]less changed, the beneficiary named in the application is the payee to whom death proceeds are to be paid." *See* Ex. B, p. 10.

22.     In addition, the Policy states that "[u]nless you state otherwise, you may change the owner or beneficiary while the insured is alive. You make a change by writing to us. Once we accept the change, it takes effect as of the date you signed the request. Each change is subject to any payment we make or other action we take before we accept it." *Id.*

23.     On or about November 15, 2017, Everlake Life received a beneficiary change request from Decedent dated November 9, 2017, which designated Nancy Reynolds (niece), Mr. Hernandez, Ms. Camacho (niece), Ms. Olivas (great-niece), and Mr. Miller (son) as equal (*i.e.*, 20% each) primary beneficiaries.  A true and correct copy of the November 9, 2017 Request for Change of Beneficiary is attached as **Exhibit C**.

24.     Everlake Life processed the November 9, 2017 requested beneficiary change in the normal course of business.

25.     On or about October 26, 2021, Everlake Life received a beneficiary change request from Decedent dated October 20, 2021, which designated Mr. Miller (son), as 20% primary beneficiary; Mr. Hernandez (nephew), as 20% primary beneficiary; Mr. Margison (nephew), as 16% primary beneficiary; Ms. Camacho (niece), as 17% primary beneficiary; Ms. Olivas (great-niece), as 17% primary beneficiary; Mr. Reynolds (great-nephew), as 5%

4

beneficiary; and Ms. Reynolds (niece), as 5% primary beneficiary. A true and correct copy of the October 20, 2021 Request for Change of Beneficiary is attached as **Exhibit D**.

26.     Everlake Life processed the October 20, 2021 requested beneficiary change in the normal course of business, and on October 29, 2021 mailed a confirmation letter to Decedent's address of record confirming the change. A true and correct copy of the October 29, 2021 confirmation letter is attached hereto as **Exhibit E**.

27.     Between May 2022 and December 2022, Everlake Life received three additional requests to change the beneficiary under the Policy. Due to errors contained in these requests, Everlake Life was unable to process them.

28.     By letter dated November 10, 2022, Everlake Life mailed a verification of coverage to Decedent's address of record confirming, among other things, the primary beneficiaries on record. A true and correct copy of the November 10, 2022 letter is attached hereto as **Exhibit F**.

29.     On or about January 27, 2023, Everlake Life received a beneficiary change request from Decedent dated January 11, 2023, which designated Kicking It Back and Nico as equal primary beneficiaries. A true and correct copy of the January 11, 2023 Request for Change of Beneficiary is attached as **Exhibit G**.

30.     Everlake Life processed the January 11, 2023 requested beneficiary change in the normal course of business, and on February 1, 2023 mailed a confirmation letter to Decedent's address of record confirming the change. A true and correct copy of the February 1, 2023 confirmation letter is attached hereto as **Exhibit H**.

31.     On February 8, 2023, Decedent passed away from cancer in Steger, Cook County, Illinois. A true and correct copy of the Death Certificate is attached hereto as **Exhibit I**.

32.     On or about February 9, 2023, Everlake Life was notified of Decedent's passing by Mr. Miller's spouse.

33.     At the time of Decedent's death, Everlake Life's records reflected that Kicking It Back and Nico were the equal primary beneficiaries under the Policy.

34.     At the time of Decedent's death, the amount of the death benefit under the Policy was $100,000.00 (the "Funds at Issue").

35.     On or about February 28, 2023, Mr. Miller wrote to Everlake Life advising that in January 2023 Decedent's medical condition rendered her incapable of executing the January 11, 2023 beneficiary change request and that he disputed the designation of Kicking It Back and Nico as the equal primary beneficiaries under the Policy. A true and correct copy of the February 28, 2023 correspondence is attached hereto as **Exhibit J**.

36.     Everlake Life attempted to provide Defendants an opportunity to resolve this matter; however, in light of the circumstances, absent court intervention, no resolution appears possible.

37.     Everlake Life has no interest in the Funds at Issue, is an innocent and disinterested stakeholder, and faces competing claims from Defendants to the Funds at Issue.

## CLAIM FOR INTERPLEADER

38.     Everlake Life incorporates by reference all of the proceeding paragraphs of this Complaint as though fully set forth herein at length.

39.     Everlake Life has at all relevant times been able and prepared to pay the Funds at Issue under the Policy, but as a result of Defendants' competing claims, Everlake Life is uncertain as to the proper payees.

6

40. Everlake Life is at risk of incurring multiple liability for the Funds at Issue as a result of the conflicting claims asserted by Defendants.

41. Based upon the foregoing, there is presently an actual, justiciable controversy between and among Defendants as to their respective rights to the Funds at Issue.

42. Everlake Life has not taken any action that caused the conflicting and competing claims to the Funds at Issue.

43. Everlake Life files this interpleader action in good faith, without collusion of any of the parties named herein, and for the sole purpose of determining the conflicting claims of Defendants, and of Everlake Life's rights and obligations.

44. Everlake Life is a disinterested stakeholder and claims no title or interest in the Funds at Issue. Due to the adverse claims to the Funds at Issue, Everlake Life is at risk of suffering competing claims and has a good-faith concern of potential multiple liability in connection with the Funds at Issue. Unless these potentially adverse and conflicting claims to the Funds at Issue are resolved in a single proceeding pursuant to an appropriate court order, Everlake Life is subject to multiple litigation and is at substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability for the Funds at Issue.

45. By way of this interpleader claim, Everlake Life seeks certainty regarding the Defendants' respective rights to receive the Funds at Issue.

46. Everlake Life is an innocent party that wishes to distribute the Funds at Issue to the appropriate party.

47. Everlake is entitled to an order enjoining the Defendants, and anyone directly or indirectly acting on their behalf, from prosecuting any action against Everlake Life regarding payment of the Funds at Issue.

7

48.     Everlake Life is able and prepared to pay the Funds at Issue into the registry of this Court and after Everlake Life effectuates service of the Complaint will move to tender to the Court the Funds at Issue due under the Policy.

49.     The federal interpleader statute, 28 U.S.C. § 1335, affords a means whereby a stakeholder like Everlake Life may obtain personal jurisdiction over claimants like Defendants, who reside in Florida, Indiana, Ohio, and Illinois, for purposes of resolving the Defendants' competing claims.

50.     By bringing this interpleader action, Everlake Life does not waive, and Everlake Life expressly reserves, the right to defend any claims that might be asserted against it, and to assert any claims against any of the Defendants.

51.     Everlake Life should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs incurred in bringing this interpleader claim.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff Everlake Life Insurance Company f/k/a Allstate Life Insurance Company respectfully requests that judgment of interpleader be entered in its favor and that this Court:

a. Order Defendants to interplead and settle their respective rights and claims to the Funds at Issue due under the Policy without further involvement of Everlake Life;

b. Permit Everlake Life to pay the Funds at Issue into the Court or to deliver them to a person designated by the Court pending the determination of the claims herein;

c. Direct and declare the respective rights of Defendants to receive the Funds at Issue;

d. Fully and finally discharge and dismiss Everlake Life from this litigation and from any and all liability in connection with, arising out of, or related to this action, the Flexible Premium Adjustable Life Insurance policy, contract no. 792744029, the October 20, 2021 Request for Change of Beneficiary, the January 11, 2023 Request for Change of Beneficiary, and the Funds at Issue, as to any and all persons and entities;

8

    e.   Enjoin and restrain Defendants from commencing or further prosecuting any other proceedings in any state or United States court against Everlake Life on account of the Flexible Premium Adjustable Life Insurance policy, contract no. 792744029, the October 20, 2021 Request for Change of Beneficiary, the January 11, 2023 Request for Change of Beneficiary, and the Funds at Issue;

    f.   Award Everlake Life its costs and reasonable attorneys' fees; and

    g.   Grant any such other and further relief as this Court deems appropriate.

Dated: May 15, 2023                Respectfully submitted,

                             */s/ Amy Doig*
                             ATTORNEYS FOR PLAINTIFF EVERLAKE
                             LIFE INSURANCE COMPANY F/K/A
                             ALLSTATE LIFE INSURANCE COMPANY

Amy Doig
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-382-3100
adoig@cozen.com

LEGAL\63485344\1

EXHIBIT "A"

**ALLSTATE LIFE INSURANCE COMPANY** — **Application For Life Insurance**
Northbrook, IL 60062
(Referred to as Allstate)

792*744*029A

☐ **Check Box If Life Specialist**

## 1. PERSONS PROPOSED FOR INSURANCE

| First Name | Middle | Last | | | Country or Birth | Marital Status | Social Security # |
|---|---|---|---|---|---|---|---|
| a. Insured Sandra | | Miller | F | N/4 50 | Ohio/Marion | Ma | |
| b. Add'l/Joint Insured | | | | / / | | | - - |
| c. Children (if to be insured) TONY GRIGAT (077286) | | | | / / / / / / | Must be the insured's children, adoptive children, or step-children age 17 or younger. | | |

## 2. ADDRESS:

| | a. Insured | b. Add'l/Joint Insured (if other than 2a.) |
|---|---|---|
| No./Street | 416 9136 Broadway | |
| City/State | Brookfield  IL | |
| Zip Code/County | 60513  Cook | |
| Phone # Hm! (708) 485-1548  Bus! ( ) | | Hm! ( )   Bus! ( ) |
| Date Moved To Address (Mo./Yr.) | | |
| Previous Address (if less than 1 yr.) | | |

## 3. OWNER

| OWNER | Address | Relationship | Soc. Security # | Home Phone # ( ) |
|---|---|---|---|---|

## 3a. CONTINGENT OWNER

| CONTINGENT OWNER | Address | Relationship | Soc. Security # | Home Phone # ( ) |
|---|---|---|---|---|

## 4. BENEFICIARY

| a. Insured Primary (Name) | Relationship | b. Add'l/Joint Insured Primary (Name) | Relationship |
|---|---|---|---|
| Nancy Reynolds (niece) / Cel Hernandz Jr (Nephew) / Mark Miller (son) | | | |
| Contingent (Name) | Relationship | Contingent (Name) | Relationship |

## 5. EMPLOYMENT

| a. Insured | b. Add'l/Joint Insured |
|---|---|
| Occupation  Shoe Repair | Occupation |
| Employer Name/Date of Employment (Mo./Yr.)  Western Springs Shoe Repair  5/89 | Employer Name/Date of Employment (Mo./Yr.) |

## 6. INSURANCE REQUESTED (Please list appropriate information on lines provided below)

| | Optional Coverages | Amount (If Applicable) |
|---|---|---|
| Plan: 100,000 UL | a. | |
| | b. TONY GRIGAT (077286) | |
| | c. | |
| Insured Face Amount: $ 100,000 | d. | |
| | e. | |
| | f. | |
| | g. | |

## 7. DISCOUNTS (Must be age 18 or older and not smoked cigarettes in the last 12 months)

(Healthy American not available on home mortgage protection products)

| **Insured** | **Add'l/Joint Insured** |
|---|---|
| A. Non-Smoker ☐ | C. Non-Smoker ☐ |
| B. Healthy American ☒ Complete attached questionnaire | D. Healthy American ☐ Complete attached questionnaire |

LR1021

## 8. PAYMENT INFORMATION

| 8a. Payor Name | Address | Relationship | Soc. Security # | Home Phone # |
|---|---|---|---|---|
| Sandra Miller | 9136 Broadway | Self | ▮▮▮ | ( ) |

8b.
- ☐ Annual   ☐ Semi-Annual   ☒ Quarterly   ☐ Pre-Authorized Method (Complete attached form)
- ☐ Payroll Deduction (Attach [LB1])   ☐ Government Allotment (N/A for Annual Term)
- ☐ Account Bill (Pre-Authorized Method only; list all policies for account bill in REMARKS)

8c. Billing Amount if Other Than Minimum Annual Premium (UL contracts only)

$ 150.00   Per Quarterly (Quarterly, Semi-Annual, Annual, PAM, PD, Government Allotment)
Mode

| | Insured Yes | Insured No | Add'l/Joint Insured Yes | Add'l/Joint Insured No |
|---|---|---|---|---|
| 9. In the past 3 years has **anyone** proposed for insurance had a driver's license suspended or revoked, been convicted of 3 or more moving violations, or been charged with driving while impaired or intoxicated? .................................................................... If "yes," give driver's license # and state of issue (or attach MVR). | ☐ | ☒ | ☐ | ☐ |
| 10. Has **anyone** proposed for insurance **EVER** been charged with a felony? ......................................... | ☐ | ☒ | ☐ | ☐ |
| 11. Has **anyone** proposed for insurance **EVER** sought or received treatment or advice for: | | | | |
| a.  Heart attack, stroke, or cancer or been told that they had any of these disorders?.................. | ☐ | ☒ | ☐ | ☐ |
| b.  The use of alcohol?................................................................................................................. | ☐ | ☒ | ☐ | ☐ |
| c.  The use of cocaine, heroin, narcotics, hallucinatory, or other mind-altering substances not prescribed by a physician? ........................................................................................... | ☐ | ☒ | ☐ | ☐ |
| 12. Has **anyone** proposed for insurance **EVER** used cocaine, heroin, narcotics, hallucinatory or other mind-altering substances not prescribed by a physician, or been arrested for the use, possession, sale, or delivery of such substances? ...................................................................... | ☐ | ☒ | ☐ | ☐ |
| 13. Has **anyone** proposed for insurance **EVER** been diagnosed or received treatment by a member of the medical profession for Acquired Immune Deficiency Syndrome (AIDS), AIDS-Related Complex (ARC) or an AIDS-related condition? ........................................................................ | ☐ | ☒ | ☐ | ☐ |

**IF 9, 10, 11, 12, or 13 IS ANSWERED "YES," SUBMIT A TRIAL APPLICATION. DO NOT ISSUE A RECEIPT OR ACCEPT MONEY.**

| | Insured Yes | Insured No | Add'l/Joint Insured Yes | Add'l/Joint Insured No |
|---|---|---|---|---|
| 14. In the last year, has **anyone** proposed for this insurance owned or operated a motorcycle?............ If "yes," give driver's license # and state of issue (or attach MVR). | ☐ | ☒ | ☐ | ☐ |
| 15. In the last 5 years has **anyone** proposed for insurance consulted a physician? ............................. If "yes," provide details in Sections a and b. | ☒ | ☐ | ☐ | ☐ |

a.  Insured Information

| When? (Mo./Yr.) | 14-90 | Physician's Name | LaGrange Hospital |
|---|---|---|---|
| Why? | Stress from relative passing | No./Street | |
| Treatment/Medication | ER for Stress | City/State/Zip | |
| | | Phone # ( ) | |

Complete the following, if available (this will expedite processing).

| Dr. Tax I.D. # | | Patient # | | Fee: $ | |
|---|---|---|---|---|---|

b.  Additional/Joint Insured Information

| When? (Mo./Yr.) | | Physician's Name | |
|---|---|---|---|
| Why? | | No./Street | |
| Treatment/Medication | | City/State/Zip | |
| | | Phone # ( ) | |

Complete the following, if available (this will expedite processing).

| Dr. Tax I.D. # | | Patient # | | Fee: $ | |
|---|---|---|---|---|---|

FOR OFFICE USE ONLY:

I (We) have read this Application, and I (We) declare that all answers written on this Application are full and correct to the best of my (our) knowledge and belief. Except in Maine, and South Carolina, Allstate is not presumed to know any information not in this Application. I (We) also understand that:

A.  All riders are optional. They will be in effect only if applied for and approved by Allstate.
B.  Allstate has the right to require a medical exam, test, or other information of any person proposed for this insurance, even if Question 25 is answered "No."
C.  Allstate may add to or correct this Application in the space "For Office Use Only." Any changes are agreed to if the policy issued is accepted, but written agreement will be obtained from me (us) for any change in insurance amount, plan, benefits, rating class, or age at issue. (In Kentucky, Maryland, and West Virginia, written agreement will be obtained for any changes).
D.  Insurance will start only as provided in the Receipt and Temporary Insurance Agreement issued in connection with this Application. If no receipt is issued, or if insurance under it has stopped and not started again, no insurance will start by reason of this Application until the policy is delivered and the first payment is accepted by Allstate. In this case, insurance will start on the date shown in the policy, except that no insurance will start on the start date of the policy if the health of the person(s) proposed for this insurance is not as described in this Application.
E.  Only an officer of Allstate may change this Application or waive a right or requirement. No agent may do this.

ALL QUESTIONS WERE ASKED OF ME AND, IF APPLICABLE, THE ADDITIONAL/JOINT INSURED AND PARENT(S) OF ANY CHILDREN LISTED ON THIS APPLICATION. PLEASE REVIEW ALL INFORMATION BEFORE SIGNING.

Insured (Print name if person to be insured is under age 15)     Owner (if Company, Officer's signature and title)

X _____     X _____

Additional/Joint Insured     Parent (if person to be insured is under age 15)

X _____     X _____

DATED AT     City     State     DATED ON     Mo.  Day  Yr.
(Place)     |     |     | 09 | 08 | 99 |

FOR AGENT USE ONLY

To the best of my knowledge, replacement of life insurance or annuity is [X] not [ ] involved in this sale.

I certify that on this date I saw the proposed Insured and any additional/joint
insured and am not aware of any additional information that would
adversely affect the eligibility or insurability of any person
proposed for coverage in this application.

Writing Agent:     Participating Agent:
Name: _____     Name: _____
     (Signature)          (Signature)
Agt. #: 077163  Region: ___  Loc.: 667     Agt. #: ___  Region: ___  Loc.: ___

Sales Producer (Writing agent's signature also required)     [ ] Trial Application
Name: _____     Received Payment of $ _____
Agt. #: ___  Region: ___  Loc.: ___     Date Payment Received _____
     [ ] Check  [ ] Cash  [ ] Other
     [ ] Discover  [ ] Master Card  [ ] Visa
     Card # _____
     Expiration Date _____
     Auth. #: _____  Auth. Date _____



10. Purpose of Insurance?
   Give names and addresses of the following:

   a. Lawyer

   b. Accountant

   c. Personal Bank (include officer name if known)

11. How was amount of need determined? (Attach note of explanation if space inadequate)

12. a. Who recommended amount? (Name or check below)
   Agent ☐   Lawyer ☐   Banker ☐   Accountant ☐   Other ☐
   b. What is approximate net worth? $
   (Submit confidential financial statement if available)
   c. Total annual income from all sources $
   (Include salary, bonus, dividends, undistributed profits)

COMPLETE FOR ALL BUSINESS APPS

13. Purpose of Insurance?
   (Keyperson, Stock Purchase, Partnership, etc.)

14. Type of organization?
   (Proprietorship, Corporation or Partnership, etc.)

15. Business Insurance on all key employees or owners:

| Name of Person | Amount of Life Insurance | | Bus. Share Owned |
|---|---|---|---|
| | Applied For | In Force | |
| a. | $ | $ | % |
| b. | $ | $ | % |
| c. | $ | $ | % |
| d. | $ | $ | % |

COMPLETE ONLY IF BUSINESS APPLICATION IS MORE THAN $50,000 (Not Needed for Sole Proprietors)

16. Business Finances - Attach copies of available company financial reports and financial statements. Also complete summary below.
   a. Market Value of Business      $
   b. Book Value of Business        $
   c. Annual Income of Business     $
   (After expenses and taxes)
   d. Prior 3 years income (if available)
   $                                $

REMARKS:

EXHIBIT "B"

LEGAL\45776285\1

# Allstate Life Insurance Company

**A Stock Company, Home Office, Northbrook, Illinois 60062-7154**

*Statement of Policy Cost and Benefit Information for*
*Flexible Premium Adjustable Life Insurance*
*(Allstate's Universal Life Premiere)*

| | | | |
|---|---|---|---|
| Prepared For | Sandra Miller | Date Prepared | November 3, 1997 |
| Insured | Sandra Miller | Policy Number | 792 744 029 |
| Specified Amount | $100,000 | Start Date | September 9, 1994 |
| Age of Insured | 50 | Policy Date | October 5, 1994 |
| Sex of Insured | Female | Maturity Date | October 5, 2039 |
| Rating Class of Insured | Healthy American - Standard | | |

It is a pleasure to provide you with your Allstate Life policy. In order to help you better understand your policy's features, we have prepared this summary. This statement is a simplified description of the costs and benefits of the insurance you have purchased. Your policy contains full details and is the actual contract.

There are one or more provisions in your policy that might affect the death benefits payable as a result of a claim under your policy. Please read this summary and your contract carefully.

If you have any questions, we will be happy to provide you with the additional information you want. Please either contact your Allstate agent or write to Allstate Life Insurance Company, Allstate Life Service Center, P.O. Box 94205, Palatine, IL 60094-4205.

| | |
|---|---|
| Agent or Representative | Anthony Grigat |
| Address | 9215 W Ogden Ave |
| | Brookfield, IL 60513 |
| Phone | 708 387-0898 |



LU3599 CW
792 744 029

# Allstate Life Insurance Company

A Stock Company, Home Office, Northbrook, Illinois 60062-7154

### Flexible Premium Adjustable Life Insurance

The policy provides that flexible premiums may be paid. The death benefit is adjustable and is payable if the insured die prior to the maturity date. Otherwise, the maturity value is payable on the maturity date. The policy will expire prior the maturity date if premiums paid and interest credited are not adequate to continue coverage to that date. This polic does not pay dividends.

| | | | |
|---|---|---|---|
| Insured | [John J. Doe] | Policy Number | [001999999999] |
| Specified Amount | [$400,000] | Start Date | [September 30, 1991] |
| Age of Insured | [35] | Policy Date | [September 30, 1991] |
| Sex of Insured | [Male] | Maturity Date | [September 30, 2051] |
| Rating Class of Insured | [Non-Smoker - Special, Plus Temporary Extra Premium] | | |

### Right to Examine Your Policy

If you are not satisfied with this policy, you may void it by returning it to us or our agent within 10 days after you receiv it. If this policy is replacing another life insurance policy, you may void it by returning it to us or our agent within 20 day after you receive it. You will receive a full refund.

Allstate Life Insurance Company is called 'we' or 'us'. We will pay the benefits of this policy, subject to its terms an conditions. This is a legal contract between the owner and us. We signed this policy at our home office.

Secretary

President

Authorized _____

READ YOUR POLICY CAREFULLY



LU3593        Page 1        [ 001999999999
[CV\

# Guide to Policy Provisions

**PAGE**

Schedule of Benefits . . . . . . . . . . . . . . . . . . . . . .  3

Schedule of Premiums . . . . . . . . . . . . . . . . . . . . .  4

Schedule of Expense Deductions and Surrender
Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Guaranteed Cash Values and Paid-Up Insurance
Amounts . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Guaranteed Maximum Monthly Cost of Insurance
Rates for Standard Rating Class . . . . . . . . . . . . .  6

Guaranteed Maximum Monthly Cost of Insurance
Rates for Non-Smoker and Healthy American
Standard Rating Classes . . . . . . . . . . . . . . . . . .  7

Amounts of Paid-Up Insurance Per $100 of Cash
Value for Standard and Special Rating Classes . . .  8

Amounts of Paid-Up Insurance Per $100 of Cash
Value for Non-Smoker and Healthy American
Standard and Special Rating Classes . . . . . . . . . .  9

General Provisions . . . . . . . . . . . . . . . . . . . . . .  10
    Entire Contract . . . . . . . . . . . . . . . . . . . . . . . 10
    Owner . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Beneficiary . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Change of Owner or Beneficiary . . . . . . . . . . . 10
    Assignment . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Attained Age . . . . . . . . . . . . . . . . . . . . . . . . 10
    Misstatement of Age or Sex . . . . . . . . . . . . . . 10
    Incontestability . . . . . . . . . . . . . . . . . . . . . . . 10
    Suicide or Self-Destruction . . . . . . . . . . . . . . . 10
    Nonparticipating . . . . . . . . . . . . . . . . . . . . . . 10
    Annual Report . . . . . . . . . . . . . . . . . . . . . . . 10
    Policy Projections . . . . . . . . . . . . . . . . . . . . . 11
    Compliance With Federal Laws . . . . . . . . . . . . 11

Premium Provisions . . . . . . . . . . . . . . . . . . . . .  11
    General . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    Premium Frequency and Amount . . . . . . . . . . 11
    Minimum Annual Premium . . . . . . . . . . . . . . . 11
    Minimum Premium Rule . . . . . . . . . . . . . . . . 11
    Maximum Premiums . . . . . . . . . . . . . . . . . . . 11

**PAGE**

    Grace Period . . . . . . . . . . . . . . . . . . . . . . . . 12
    Reinstatement . . . . . . . . . . . . . . . . . . . . . . . 12

Death Benefit . . . . . . . . . . . . . . . . . . . . . . . . . .  12
    Death Benefit . . . . . . . . . . . . . . . . . . . . . . . . 12
    Death Benefit Option . . . . . . . . . . . . . . . . . . 13

Policy Values . . . . . . . . . . . . . . . . . . . . . . . . . .  13
    Policy Values . . . . . . . . . . . . . . . . . . . . . . . . 13
    Monthly Deduction . . . . . . . . . . . . . . . . . . . . 13
    Monthly Cost of Insurance . . . . . . . . . . . . . . . 13
    Monthly Policy Fee . . . . . . . . . . . . . . . . . . . . 14
    Pay Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    Expense Deduction for Specified Amount
    Increases . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cash Values . . . . . . . . . . . . . . . . . . . . . . . . . . .  14
    Cash Values . . . . . . . . . . . . . . . . . . . . . . . . 14
    Cash Surrender Value . . . . . . . . . . . . . . . . . . 14
    Surrender Charge . . . . . . . . . . . . . . . . . . . . . 14
    Partial Cash Surrender . . . . . . . . . . . . . . . . . 14
    Paid-Up Insurance . . . . . . . . . . . . . . . . . . . . 14

Maturity Value . . . . . . . . . . . . . . . . . . . . . . . . .  15

Basis of Values . . . . . . . . . . . . . . . . . . . . . . . . .  15
    General . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    Cost of Insurance Rates . . . . . . . . . . . . . . . . 15
    Interest Rate . . . . . . . . . . . . . . . . . . . . . . . . 15
    Expense Deductions . . . . . . . . . . . . . . . . . . . 15
    Redetermination of Current Assumptions . . . . . 15
    Paid-Up Insurance . . . . . . . . . . . . . . . . . . . . 16

Loans . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16
    Loan Value . . . . . . . . . . . . . . . . . . . . . . . . . 16
    Loan Interest . . . . . . . . . . . . . . . . . . . . . . . . 16
    Loan Repayment . . . . . . . . . . . . . . . . . . . . . 16
    Loan Limit . . . . . . . . . . . . . . . . . . . . . . . . . 16

Policy Changes . . . . . . . . . . . . . . . . . . . . . . . . .  16
    Change of Death Benefit Option . . . . . . . . . . . 16
    Change of Specified Amount . . . . . . . . . . . . . 16

Settlement of Policy Proceeds . . . . . . . . . . . . . .  16

# General Provisions

**Entire Contract -** This policy, any riders and endorsements, the application, and any supplemental applications are the entire contract. A copy of the application is attached. Any supplemental applications will also be attached to and made part of the contract. All statements made in the application and any supplemental applications are representations and not warranties. No statement will be used by us in defense of a claim or to void this contract unless it is in the signed application or signed supplemental applications.

Only our officers may change this contract or waive a right or requirement. No agent or representative may do this.

**Owner -** The owner is called 'you'. Unless changed, the owner is as named in the application. If all named owners and contingent owners have died or if there is no owner named, the owner is the insured.

This contract is yours. You may use all contract rights while this contract is in force. These include the right to:

1. Change the beneficiary(s);
2. Change the owner;
3. Assign this contract;
4. Receive benefits;
5. Elect settlement options;
6. Make flexible payments;
7. Change the death benefit option; and
8. Change the specified amount.

**Beneficiary -** Unless changed, the beneficiary named in the application is the payee to whom death proceeds are to be paid.

Subject to the terms of this contract, the death proceeds will be paid to a payee who is living on the earlier of:

1. The day we receive due proof of the insured's death; or
2. The 15th day past the insured's death.

The payees may be grouped into classes. Unless changed by you:

1. Equal shares will be paid, if there is more than one payee in the same class; and
2. The share of any payee who is not living will be paid to the rest of the payees in the same class.

If no payee is living, the death proceeds will be paid to the insured's estate.

**Change of Owner or Beneficiary -** Unless you state otherwise, you may change the owner or beneficiary while the insured is alive. You make a change by writing to us. Once we accept the change, it takes effect as of the date you signed the request. Each change is subject to any payment we make or other action we take before we accept it.

**Assignment -** You may assign this contract. We are not responsible for the soundness of an assignment. No assignment will bind us unless it is written and acknowledged by us in writing.

**Attained Age -** Attained age, as used in this policy, is the insured's age last birthday as of the policy date and policy anniversaries of this contract.

**Misstatement of Age or Sex -** If the insured's age or sex shown on the application is wrong, we will change the death benefit we pay to the amount which the most recent monthly cost of insurance deduction made would have bought at the right age and sex.

**Incontestability -** Except for increases in specified amount and provisions on incontestability found in any attached rider, we may not contest this contract once it has been in force while the insured is alive for 2 years from its start date except for failure to make payments required to keep this contract in force.

We may not contest any increase in specified amount once it has been in force while the insured is alive for 2 years from the start date of the increase.

**Suicide or Self-Destruction -** If the insured dies by suicide while sane or self-destruction while insane within 2 years from the start date of the contract:

1. We will only pay a refund of the payments made less any policy loans, loan interest and partial surrenders; and
2. The contract will stop.

If the insured dies by suicide while sane or self-destruction while insane within 2 years from the start date of any increase in specified amount:

1. We will limit the proceeds payable with respect to the increase to the amount of deductions made which are related to such increase; and
2. The contract will stop.

**Nonparticipating -** This policy is nonparticipating. It does not share in our profits or surplus earnings. We will pay no dividends on this policy.

**Annual Report -** We will send you a report without charge within 3 months following each policy anniversary. Each report will provide information on various transactions that took place during the policy year just completed, as well as information on the current status of the policy. This information will include items such as:

1. The policy value as of the end of the current and prior year;
2. The amount of payments made and interest credited during the year;

3. The deductions for cost of insurance, riders, and expense charges made during the year;
4. The amount of partial surrenders during the year;
5. The current cash value and surrender charge;
6. The amount of outstanding policy loans;
7. The current cash surrender value;
8. The current death benefit; and
9. The current rates of interest.

If you ask us, we will send you an additional report, at any time during the policy year. We may charge you for this report. The charge will not be more than $25. We will tell you what the current charge is before sending the report.

**Policy Projections** - If you ask us, we will send you a projection of death benefits and cash values. These will be based on both the guaranteed and current cost of insurance and interest rates, as well as your planned premiums. We may charge you for these projections. The charge will not be more than $25 per projection. We will tell you what the current charge is before sending the illustration.

**Compliance With Federal Laws** - In order for your policy to maintain its status as life insurance under the Internal Revenue Code, we may amend the contract to comply with:

1 Future changes in the Internal Revenue Code;
2. Any regulations or rulings under the Code; and
3. Any other requirements imposed by the Internal Revenue Service.

We will give you a copy of any such endorsement. If you do not accept the change, your contract may not qualify as life insurance under the Internal Revenue Code.

# Premium Provisions

**General** - Policy months and years are measured from the policy date. The amount of the minimum annual premium as of the policy date is shown on page 4. The minimum monthly premium is the minimum annual premium divided by 12.

The minimum annual premium is due on the policy date, except for policies being paid by the Pre-Authorized Method, Payroll Deduction, or Government Allotment payment plans. For these payment plans, two times the minimum monthly premium is due on the policy date. If you ask to change your pay plan in the first policy year, we may require that any unpaid portion of the minimum annual premium be paid in full at that time.

The planned premium and the pay fee for your payment mode are shown on page 4.

We will refund any premiums paid after the date of the insured's death.

Pay us or one of our agents. If you ask, we will give you a receipt.

**Premium Frequency and Amount** - Page 4 shows the time between planned premium payments. You may change the time between payments and the amount of the planned premiums.

Additional payments may be made at any time while this contract is in force. We reserve the right to limit any scheduled or additional payment to a minimum amount of $10. All payments will be credited to the policy value as described in the Policy Values section.

**Minimum Annual Premium** - The minimum annual premium as of the policy date is shown on page 4. We will recalculate the minimum annual premium whenever:

1. An additional benefit is changed, added to, or deleted from the policy; or

2. The policy's specified amount is changed.

The start date and amount of your new minimum annual premium will be shown on an endorsement to page 4.

**Minimum Premium Rule** - Except as provided in any Waiver of Monthly Deductions Rider attached to this policy, the minimum premium rule will be in effect until the earlier of:

1. The end of the fourth policy year, or
2. The monthly activity day on which the cash value first becomes positive.

On any monthly activity day while the minimum premium rule is in effect, we guarantee that the contract will remain in force if the cumulative premiums paid, less any partial surrenders, policy loans and loan interest, is greater than or equal to the cumulative minimum premium. The cumulative minimum premium will be calculated by dividing the minimum annual premium by 12, and multiplying by the number of policy months since issue.

If the minimum annual premium was changed, as provided in the Minimum Annual Premium provision, each minimum annual premium will be divided by 12, multiplied by the respective number of policy months it was in effect, and summed to obtain the cumulative minimum premium.

**Maximum Premiums** - In order for your policy to maintain its status as life insurance under the Internal Revenue Code, the maximum amount of the premiums you may pay is limited. We will conduct a test at least once each year in which premiums are paid and refund the excess premiums with interest at the current interest rate, if applicable.

We will perform any necessary action within 60 days of the end of the policy year in which the requirement has not been met.

Grace Period - If the Minimum Premium Rule is in effect, on each monthly activity day, we will check whether the cumulative premiums paid less any partial cash surrenders, policy loans and loan interest, is less than the cumulative minimum premium. If it is, we will allow a grace period of 60 days starting on the date the check was performed.

If the Minimum Premium Rule is not in effect, on each monthly activity day, we will check whether the total of the cash value less any policy loans and loan interest, is less than or equal to the monthly deduction for the current policy month. If it is, we will allow a grace period of 60 days starting on the next monthly activity day.

This contract will be in force through the grace period. If you do not make a sufficient payment by the end of the grace period, this contract will stop. If the insured dies before the grace period ends, we will deduct any monthly deductions due us from the amounts we pay. We will send written notices to the most recent addresses we have for you and any assignees at least 31 days prior to the day coverage stops.

Reinstatement - If this contract stops, you may ask us to reinstate it up to 5 years after the date that it stopped. If you elected the paid-up insurance option, you may also reinstate it. You may not use this right if we paid you the cash value. We will reinstate the contract if you:

1. Give us due proof that the insured is still insurable;
2. Pay an amount large enough to cover a deduction for the cost of insurance for the time, up to 6 months, since the cash value became zero or the time since you chose the paid-up insurance option;
3. Pay an amount large enough to keep the policy in force for 2 months following the monthly activity day on or after the effective date of reinstatement;
4. Pay any unpaid portion of the minimum annual premium for the first policy year;

5. Pay any unpaid portion of the expense deduction for specified amount increases; and
6. Pay any unpaid portion of the expense deductions on any Additional Insured Riders attached to this contract.

Any policy loan and loan interest at the time the contract stopped will not be reinstated.

The effective date of reinstatement is the date the application for reinstatement is approved by us. The surrender charge on the effective date of reinstatement will be the same as it would have been if this contract had not stopped. The specified amount on the effective date of reinstatement will be the specified amount in force when the contract stopped or when the paid-up insurance option was elected.

The policy value on the effective date of reinstatement before applying any premiums received from you is equal to the lesser of:

1. The policy value less any loans and loan interest at the time the contract stopped, or
2. The surrender charge on the effective date of reinstatement.

If the policy is reinstated from the paid-up insurance option, the policy value on the effective date of reinstatement is equal to the sum of:

1. The cash value of the paid-up insurance option less any loans and loan interest on the effective date of reinstatement; and
2. The surrender charge on the effective date of reinstatement.

The Incontestability and Suicide or Self-Destruction provisions will apply from the policy's original start date for statements made in the original application and from the start date of any increases or additions for statements made in the supplemental applications. The Incontestability provision will start on the effective date of reinstatement for statements made in the application for reinstatement of this policy.

# Death Benefit

Death Benefit - We will pay the death benefit less any policy loans and loan interest, to the beneficiary when we receive due proof of the insured's death while this policy is in force prior to the maturity date. The death benefit is based upon the following:

1. The death benefit option in effect on the date of death; and
2. Any increases or decreases to the specified amount shown on page 3.

In order for your policy to maintain its status as life insurance under the Internal Revenue Code, the death benefit payable may not be less than a certain percentage of your policy value. This percentage is based on the insured's attained age as shown at the end of this provision.

We will conduct a test at least once a year and increase the death benefit to be equal to the applicable percentage of your policy value, if necessary. If we cannot increase the death benefit due to underwriting limits, we will return the amount of policy value necessary so that the death benefit will be equal to the applicable percentage of your policy value after returning the amount.

We will perform any necessary action within 60 days of the end of the policy year in which the requirement has not been met.

| Attained Age | Percentage | Attained Age | Percentage |
|---|---|---|---|
| 0-40 | 250% | 61 | 128% |
| 41 | 243% | 62 | 126% |
| 42 | 236% | 63 | 124% |
| 43 | 229% | 64 | 122% |
| 44 | 222% | 65 | 120% |
| 45 | 215% | 66 | 119% |
| 46 | 209% | 67 | 118% |
| 47 | 203% | 68 | 117% |
| 48 | 197% | 69 | 116% |
| 49 | 191% | 70 | 115% |
| 50 | 185% | 71 | 113% |
| 51 | 178% | 72 | 111% |
| 52 | 171% | 73 | 109% |
| 53 | 164% | 74 | 107% |
| 54 | 157% | 75 to 90 | 105% |
| 55 | 150% | 91 | 104% |
| 56 | 146% | 92 | 103% |
| 57 | 142% | 93 | 102% |
| 58 | 138% | 94 | 101% |
| 59 | 134% | 95 | 100% |
| 60 | 130% | | |

**Death Benefit Option -** While the insured is alive you may choose between two death benefit options:

Option 1. The death benefit will be the greater of:

    a.  The specified amount on the date of death; and

    b.  The percentage of the policy value shown in the Death Benefit provision.

Option 2. The death benefit will be the greater of:

    a.  The specified amount plus the policy value on the date of death; and

    b.  The percentage of the policy value shown in the Death Benefit provision.

The initial death benefit option selected by you is stated in the application and shown on page 3.

For both death benefit options:

1.  If the insured dies during the grace period, we will deduct any monthly deductions due us from the amounts we pay; and
2.  We will refund any premiums paid after the date of the insured's death.

# Policy Values

**Policy Values -** On the policy date, the policy value is the first payment less the pay fee.

The policy date is the first monthly activity day. On each monthly activity day after the policy date, the policy value is:

1.  The policy value as of the prior monthly activity day less the monthly deduction for the month just ended, as described in the Monthly Deduction provision;
2.  Plus interest on (1) above;
3.  Less any partial surrenders and partial surrender administration fees;
4.  Plus any payments received since the prior monthly activity day, less pay fees.

On any day other than a monthly activity day, the policy value is:

1.  The policy value as of the prior monthly activity day, less the monthly deduction for the current month;
2.  Less any partial surrenders and partial surrender administration fees;
3.  Plus any payments received since the prior monthly activity day, less pay fees.

**Monthly Deduction -** The monthly deduction is the sum of:

1.  The monthly cost of insurance for the basic plan benefit;

2.  The monthly cost of insurance as provided in the Monthly Cost of Insurance provision of any riders attached to this contract;
3.  The monthly policy fee;
4.  Any monthly expense deduction made as provided in the Expense Deduction for Specified Amount Increases provision of this contract; and
5.  Any monthly expense deduction made as provided in the Expense Deductions provision of any additional insured riders attached to this contract.

We will automatically take out the monthly deduction from the policy value on each monthly activity day, even if you have not made a premium payment. The amount of coverage provided by the contract and any attached riders will remain the same as if you had not stopped payments.

As provided in the Grace Period provision, if the cash value less any policy loans and loan interest is not enough to cover the monthly deduction, a 60 day grace period will be allowed.

**Monthly Cost of Insurance -** The monthly cost of insurance is determined as follows:

1.  Determine an intermediate policy value using the policy value as of the end of the prior month, plus premiums paid, less pay fees, less the monthly cost of insurance for any riders, (excluding Waiver of Monthly Deductions), and less expense deductions;

2. Calculate the death benefit as defined in the Death Benefit section using the intermediate policy value in place of the policy value;
3. Divide the death benefit derived in (2) by 1.0036748 and subtract the intermediate policy value;
4. Divide the result by 1,000;
5. Multiply the result from (4) by the monthly cost of insurance rate per $1,000. The cost of insurance rates are based on the insured's attained age, sex, and rating class. Any increases in the cost of insurance rates for special class risks are shown on page 3 or on an endorsement to page 3. The cost of insurance rates are described in the Basis of Values section; and
6. Add any extra monthly charges per $1,000 of coverage times the result of (4). These charges are shown on page 3 or on an endorsement to page 3.

**Monthly Policy Fee -** A monthly policy fee will be deducted from your policy value each month. The maximum monthly policy fee is shown on page 4.

**Pay Fee -** For all payments received, we will deduct a pay fee. The pay fees are shown on page 4.

**Expense Deduction for Specified Amount Increases -** An expense deduction will be deducted from the policy value in each of the 12 months following the policy date of any increase in the specified amount. This monthly expense deduction will be equal to the product of:

1. The number of thousands of increase in specified amount;
2. The current monthly cost of insurance rate per $1,000 for the insured's attained age, sex, and rating class on the start date of the increase in specified amount. Any increases in the cost of insurance rates for special class risks are shown on page 3 or on an endorsement to page 3; and
3. The expense factor for specified amount increases. The maximum expense factor is shown on page 4.

# Cash Values

**Cash Values -** The cash values of this policy are calculated in accordance with the Basis of Values section and are not less than the minimum values required by the state in which this policy is delivered. The cash values at all times reflect the payments which you have made and the time elapsed in the policy year.

Page 5 shows the guaranteed cash values at the end of selected policy years. These cash values assume there are no loans or loan interest on the contract.

The cash value of this policy is the policy value less the surrender charge. If the surrender charge is greater than the policy value, the cash value is zero.

**Cash Surrender Value -** The cash surrender value is the cash value less any policy loans and loan interest. This is the amount we will pay you if you ask us to stop this policy. We reserve the right to defer the payment of any cash surrender value for 6 months after you ask us. If we defer payment for 31 days or more, we will pay you interest from the date you ask us to the date of payment. The amount of interest will be at a rate determined by us; the rate will not be less than that required by the state in which the contract is delivered.

**Surrender Charge -** The surrender charge begins on the policy date. The surrender charge is (A) x (B) x (C), where (A) is the surrender charge factor shown on page 4; (B) is the number of thousands of the initial specified amount; and (C) is the surrender percentage from the following table.

| Policy Year | Surrender Percentage | Policy Year | Surrender Percentage |
|---|---|---|---|
| 1-5 | 100% | 13 | 56% |
| 6 | 96% | 14 | 48% |
| 7 | 92% | 15 | 40% |
| 8 | 88% | 16 | 32% |
| 9 | 84% | 17 | 24% |
| 10 | 80% | 18 | 16% |
| 11 | 72% | 19 | 8% |
| 12 | 64% | 20 & later | 0% |

**Partial Cash Surrender -** You may request a partial surrender of the cash value. The amount of any partial cash surrender cannot exceed 20 percent of the cash surrender value. We will reduce the cash value by the amount of any partial cash surrender. For death benefit Option 1, we will also reduce the specified amount by the amount of any partial cash surrender.

There will be a partial cash surrender fee for each partial cash surrender. The amount of this fee is shown on page 4. We may limit the number of partial surrenders to one in each policy year. We may defer the payment of any partial surrender for up to 6 months after you ask us.

**Paid-Up Insurance -** You may stop making payments and keep this contract in force as paid-up insurance endowing at age 95. The cash surrender value will be used as a net single premium at the insured's attained age to buy the paid-up insurance. However, the amount of paid-up insurance cannot exceed the current death benefit.

LU3593                                    Page 14                                    [ 001999999999

If the cash surrender value exceeds the amount needed to purchase paid-up insurance equal to the current death benefit, the excess cash value will be refunded. The amounts of paid-up insurance per $100 of cash value are shown on pages 8 and 9. To request this benefit, write us.

Page 5 shows the amount of paid-up insurance at the end of selected policy years. These amounts were determined based on the guaranteed cash values and the amounts of paid-up insurance per $100 of cash value.

## Maturity Value

The maturity date is shown on page 3, and is the policy anniversary on which the insured's attained age is 95. If the insured is living on the maturity date, we will pay the owner the maturity value. The maturity value is the cash surrender value on the maturity date. If we pay

the maturity value, this contract stops. This contract will expire prior to the maturity date if premiums paid and interest credited are not adequate to continue coverage to that date.

## Basis of Values

**General -** The way in which guaranteed policy values and surrender charges are determined is filed with the insurance officials of the state in which this contract was delivered. The guaranteed policy values are based on the guaranteed maximum monthly cost of insurance rates, the maximum expense deductions, and the guaranteed interest rate. These are described below.

**Cost of Insurance Rates -** The monthly cost of insurance rates are based on the insured's attained age, sex, and rating class. For the initial specified amount, we will use the insured's rating class on the policy date. For increases in the specified amount, we will use the rating class applicable to the increase. Any increases in the death benefit due to application of the percentage factors to the policy value as described in the Death Benefit provision, will use the rating class for the most recent increase that required evidence of insurability.

The guaranteed maximum monthly cost of insurance rates are shown on pages 6 and 7. The rates shown for the standard rating class are based on the curtate, age last birthday, sex-distinct 1980 Commissioners Standard Ordinary Smoker Mortality Table. The rates shown for the Non-Smoker and Healthy American standard rating classes are based on the curtate, age last birthday, sex-distinct 1980 Commissioners Standard Ordinary Non-Smoker Mortality Table. Appropriate increases in the monthly cost of insurance rates have been made for special class risks. Any such increases are shown on page 3.

We may use cost of insurance rates lower than the guaranteed rates to calculate policy values. We reserve the right to change these 'current' monthly cost of insurance rates after your policy has been in force for one year. However, the new current monthly cost of insurance rates will never be more than the guaranteed maximum monthly cost of insurance rates.

**Interest Rate -** The guaranteed monthly interest rate used in calculating policy values is .36748%. Compounded monthly, this is the same as 4.5% per year.

We may use an interest rate greater than the guaranteed rate to calculate policy values. We determine this 'current' monthly interest rate from time to time. It will never be less than .36748%.

The guaranteed monthly interest rate will be applied to the portion of the policy value that equals any policy loans and loan interest.

**Expense Deductions -** The maximum monthly policy fee and maximum expense factor for specified amount increases are shown on page 4. We may use lower amounts to calculate policy values. We reserve the right to change these 'current' expense deductions after your policy has been in force for one year. However, the new current expense deductions will never be more than the maximum amounts shown on page 4.

**Redetermination of Current Assumptions -** Our current monthly cost of insurance rates, interest rate, and expense deductions are based on our current assumptions as to future mortality, persistency, interest, and expense experience.

Our current assumptions are determined and redetermined prospectively. We will not recover past losses by means of changes in the cost of insurance rates, interest rate, or expense deductions. Any changes will apply on a uniform basis for all insureds of the same issue age, sex, and rating class whose policies have been in force the same length of time. We will not change our current assumptions because of a change in the insured's health or occupation.

Any change in our current assumptions will be made in accordance with the procedures and standards of the insurance officials of the state where this contract was delivered.

**Paid-Up Insurance** - Amounts of paid-up insurance per $100 of cash value for the standard and special rating classes are based on the curtate, age last birthday, sex-distinct 1980 Commissioners Standard Ordinary Smoker Mortality table and annual interest of 4.5%.

Amounts of paid-up insurance per $100 of cash value for the Non-Smoker and Healthy American standard and special rating classes are based on the curtate, age last birthday, sex-distinct 1980 Commissioners Standard Ordinary Non-Smoker Mortality Table and annual interest of 4.5%.

# Loans

**Loan Value** - You may have a policy loan if you assign this contract to us as sole security. The total amount of your policy loans and loan interest may not exceed the maximum loan value available.

The maximum loan value available is the amount which, together with interest at the loan interest rate, equals the projected cash value at the end of:

1. The policy year in which the loan is made; or
2. The third policy month after the loan is made, if the date you request the loan is less than 3 policy months before the end of the policy year.

We reserve the right to defer the payment of any cash loan for 6 months after you ask us.

**Loan Interest** - The loan interest rate is shown on page 5. Interest accrues daily and is due at the end of each policy year. Any interest not paid when due is added to the amount of the policy loan and bears interest at the same rate.

**Loan Repayment** - You may pay back your policy loans and loan interest at any time. If you do not, we will deduct all policy loans and loan interest from the amounts we pay.

**Loan Limit** - If your policy loans and loan interest exceed the cash value, this contract will stop except as provided in the Grace Period provision. We will send written notices to the most recent addresses we have for you and any assignees at least 31 days prior to the day coverage stops.

# Policy Changes

**Change of Death Benefit Option** - At any time after the first policy year, you may ask us to change the death benefit option by writing to us. If you ask to change from option 2 to option 1, the specified amount will be increased by the amount of the policy value. If you ask to change from option 1 to option 2, the specified amount will be decreased by the amount of the policy value.

The change will take effect on the monthly activity day on or following the date we receive the written request. This start date will be shown on an endorsement to page 3.

We reserve the right to limit the frequency of death benefit option changes under this contract.

**Change of Specified Amount** - At any time after the first policy year, you may:

1. Increase the specified amount. You must submit a new application for an increase in specified amount. You must also give us due proof that the insured is still insurable. An increase will start on the start date shown on an endorsement to page 3. An expense deduction will be deducted from the policy value as provided in the Expense Deduction for Specified Amount Increases provision; or

2. Decrease the specified amount. A decrease will take effect on the monthly activity day on or following the date we receive the written request. This start date will be shown on an endorsement to page 3. A decrease in specified amount will first be applied against the most recent increase, if any, then successively to each prior increase, and then to the initial specified amount. The specified amount in force after any decrease may not be less than the minimum we have established.

We reserve the right to limit the amount and frequency of any increases and decreases made under this contract.

You may request either of these changes by writing us.

# Settlement of Policy Proceeds

Unless you name a payee, you will be the payee for all amounts other than the death proceeds. When we pay the proceeds, we may ask that you give this contract back to us. If the insured has died, you must give us due proof of death.

We will give the payee a settlement contract which explains the options we allow. These include:

1. A one sum payment;
2. The types of single premium annuities we are then selling; and

3. A monthly income while the payee is alive with a guarantee that payments will be made for at least as long as the time chosen by the payee and allowed by us. The table at the end of this section shows monthly income amounts if the payee chooses to have payments guaranteed for 10 years. Monthly income amounts for other ages and guaranteed periods are determined in the same way. Write us if you want to know other amounts.

The amounts shown below assume the first payment will be made on the date the proceeds are due. Before we make the first payment, we will require proof of the age and sex of the payee.

Before the proceeds are due, you may choose or change an option by writing to us. Once we accept the change, it takes effect as of the date you signed the request. This change is subject to any action we take before we accept it. After the proceeds are due, the payee may choose an option if:

1. You have not made a prior choice which is still in effect; and

2. The proceeds are due in one sum and have not been paid.

If the payee stops the settlement contract:

1. In the first 60 days after the proceeds are due, we will pay the original proceeds less any payments we have already made; or

2. After the first 60 days, we will pay the amount described in the settlement contract.

We reserve the right to:

1. Stop any settlement contract with a payee which is not a human being; and

2. Make less frequent payments or stop any settlement contract if each payment is less than $20.

### Monthly Income Per $1,000 of Proceeds

| Nearest Age of Payee | 10 Years Certain and Life | |
|---|---|---|
| | Males $ | Females $ |
| 10 | 3.51 | 3.47 |
| 15 | 3.57 | 3.52 |
| 20 | 3.65 | 3.58 |
| 25 | 3.74 | 3.65 |
| 30 | 3.87 | 3.75 |
| 35 | 4.03 | 3.87 |
| 40 | 4.23 | 4.03 |
| 45 | 4.50 | 4.24 |
| 50 | 4.83 | 4.51 |
| 55 | 5.24 | 4.87 |
| 60 | 5.77 | 5.33 |
| 65 | 6.45 | 5.95 |
| 70 | 7.29 | 6.78 |
| 75 | 8.24 | 7.81 |
| 80 | 9.14 | 8.85 |



**Flexible Premium Adjustable Life Insurance**

The policy provides that flexible premiums may be paid. The death benefit is adjustable and is payable if the insured dies prior to the maturity date. Otherwise, the maturity value is payable on the maturity date. The policy will expire prior to the maturity date if premiums paid and interest credited are not adequate to continue coverage to that date. This policy does not pay dividends.



EXHIBIT "C"

REQUEST FOR

# CHANGE OF BENEFICIARY (PAYEE)

**THIS FORM NOT TO BE USED WITH SECTION 401 OR 403(b) CONTRACTS**

*Print clearly using a ball point pen. Any corrections or changes need to be crossed-through, initialed and dated by the policy owner. Do not use correction fluid.*

**\* Denotes Required Field**

**STEP 1 - POLICY/CONTRACT INFORMATION (ALL FIELDS MUST BE COMPLETED)** Only one policy/contract number and insured per change form. If additional space is needed, please use a separate sheet of paper and attach it to this form.

### Owner

792744029

Policy/Contract # *

Sandra MILLER

Owner's Name *

Owner SSN/TIN

Date of Birth

411 E. 26TH ST. - P.O. BOX 396
Lagrange

Owner's Mailing Address          City

State: IL    Zip: 60525

E-Mail Address

Primary Phone: (708) 296 6676

### Joint Owner (if applicable)

Joint Owner's Name (if applicable) *

Joint Owner SSN/TIN

Date of Birth

Joint Owner's Mailing Address          City

State          Zip

E-Mail Address

Primary Phone

### Insured

Insured Name * (if other than Owner)

Insured SSN/TIN

Date of Birth

Insured Mailing Address          City

State          Zip

E-Mail Address

Primary Phone

**STEP 2 - PRIMARY BENEFICIARY (IES)** – The person or entity designated to receive the proceeds when they become due.
If more than 3 Primary Beneficiaries, please use a separate sheet of paper and attach it to this form. Percentages must add up to 100%.
NOTE: Unless you specify otherwise, if there is more than one primary beneficiary named, each such person or entity will receive equal shares or an equal share. Please use percentages (%), dollar amounts will not be accepted.

**NOTE FOR POLICIES OWNED BY A TRUST:** Designating anyone other than the trust as a beneficiary could result in negative consequences and potential legal conflicts. Accordingly, it is highly recommended that you consult with an independent legal advisor before designating anyone other than the trust.

A. Individual, Corporation or Estate

**Primary Beneficiary #1**

Name of Primary Beneficiary #1 (First / Middle / Last) *: NANCY REYNOLDS
☐ Equally OR * ☒ Percentage * 20 %

Street Address: 236 Camden Dr.
City: STEIGER   State: IL   Zip: 60475

SSN/TIN:

E-Mail Address:
Date of Birth (MM/DD/YYYY):
Relationship to the Insured *: NIECE

Primary Phone: (708) 774 6888

Is this Beneficiary a U.S. Citizen? * ☒ Yes ☐ No. If No, complete below.

Country of Citizenship:

**Primary Beneficiary #2**

Name of Primary Beneficiary #2 (First / Middle / Last) *: CELEDONIO HERNANDEZ JR
☐ Equally OR * ☒ Percentage * 20 %

Street Address: 511 Woodward St
City: BEECHER   State: IL   Zip: 60401

SSN/TIN:

E-Mail Address:
Date of Birth (MM/DD/YYYY):
Relationship to the Insured*:

Primary Phone: (708) 372 3449

Is this Beneficiary a U.S. Citizen? * ☒ Yes ☐ No. If No, complete below.

Country of Citizenship:

**Primary Beneficiary #3**

Name of Primary Beneficiary #3 (First / Middle / Last) *:
☐ Equally OR * ☐ Percentage * ___ %

Street Address:
City:   State:   Zip:

SSN/TIN:

E-Mail Address:
Date of Birth (MM/DD/YYYY):
Relationship to the Insured*:

Primary Phone: ( )

Is this Beneficiary a U.S. Citizen? * ☐ Yes ☐ No. If No, complete below.

Country of Citizenship:

B. Trust as Primary Beneficiary (NOT Under Last Will and Testament)

☐ Equally OR* ☐ Percentage* ___ %

Name of Trust*:
Date of Trust*:

Name of Current Trustee:
Trust Tax ID Number:

Street Address:   City:   State:   Zip:

Is this Beneficiary a U.S. Citizen? * ☐ Yes ☐ No, If No, Country of Citizenship:

FIC777.IFF.1

ALL PAGES MUST BE RETURNED - EVEN IF BLANK

**STEP 2 - PRIMARY BENEFICIARY (IES)** – The person or entity designated to receive the proceeds when they become due.
If more than 3 Primary Beneficiaries, please use a separate sheet of paper and attach it to this form. Percentages must add up to 100%.
NOTE: Unless you specify otherwise, if there is more than one primary beneficiary named, each such person or entity will receive equal shares or an equal share. Please use percentages (%), dollar amounts will not be accepted.

**NOTE FOR POLICIES OWNED BY A TRUST:** Designating anyone other than the trust as a beneficiary could result in negative consequences and potential legal conflicts. Accordingly, it is highly recommended that you consult with an independent legal advisor before designating anyone other than the trust.

**A. Individual, Corporation or Estate**

**Primary Beneficiary #1**
Name of Primary Beneficiary #1 (First / Middle / Last) *: SHERRY NadiNA Comacho
☐ Equally OR * ☒ Percentage * 20 %
Street Address: 434 N. Sandusky
City: ___ State: OH Zip: 93351
SSN/TIN: [redacted]
Date of Birth (MM/DD/YYYY): 4/9/3 / 6 3/1 6 2
Relationship to the Insured *: Niece
E-Mail Address: ___
Primary Phone: ___
Is this Beneficiary a U.S. Citizen? * ☒ Yes ☐ No. If No, complete below.
Country of Citizenship: ___

**Primary Beneficiary #2**
Name of Primary Beneficiary #2 (First / Middle / Last) *: Victoria NadiNA Olizas
☐ Equally OR * ☒ Percentage * 20 %
Street Address: 434 N. Sandusky
City: ___ State: OH Zip: 43351
SSN/TIN: [redacted]
Date of Birth (MM/DD/YYYY): 4/9/3 / 0 3/1 6 2
Relationship to the Insured*: Great Niece
E-Mail Address: ___
Primary Phone: ___
Is this Beneficiary a U.S. Citizen? * ☒ Yes ☐ No. If No, complete below.
Country of Citizenship: ___

**Primary Beneficiary #3**
Name of Primary Beneficiary #3 (First / Middle / Last) *: MArk miller
☐ Equally OR * ☒ Percentage * 20 %
Street Address: 7243 S.W. State Road 47 Lake City
City: ___ State: FL Zip: 32024
SSN/TIN: [redacted]
Date of Birth (MM/DD/YYYY): ___
Relationship to the Insured*: SON
E-Mail Address: ___
Primary Phone: ___
Is this Beneficiary a U.S. Citizen? * ☒ Yes ☐ No. If No, complete below.
Country of Citizenship: ___

**B. Trust as Primary Beneficiary (NOT Under Last Will and Testament)**
☐ Equally OR* ☐ Percentage* ___ %
Name of Trust*: ___
Date of Trust*: ___
Name of Current Trustee: ___
Trust Tax ID Number: ___
Street Address: ___ City: ___ State: ___ Zip: ___
Is this Beneficiary a U.S. Citizen? * ☐ Yes ☐ No, If No, Country of Citizenship ___

**C. Testamentary Trust as Primary Beneficiary (Trust Within Last Will and Testament)**

☐ Equally* OR ☐ Percentage* _____ %

To the trustee of the trust created pursuant to the Last Will and Testament of _____

Insured's Name*

as admitted to probate provided the trustee submits a written claim within six months of the death of the person that triggered payment under the policy. If no such claim is made by the trust, the proceeds shall be paid to the contingent beneficiary(ies). If no contingent beneficiary(ies) is named, proceeds will be paid pursuant to the terms of the policy.

**NOTE:** Please add the Primary Beneficiary (A, B, C) **Percentages** together to ensure the amount is 100%.    **Total** _____ %

**STEP 3 - CONTINGENT BENEFICIARY(IES)** - An alternate beneficiary designated to receive the proceeds if there is no eligible primary beneficiary. If you are only making the change to the contingent beneficiary, please rename the primary beneficiary because acceptance of the change by the company cancels all prior designations. If no contingent beneficiary is designated, and if we are unable to pay the primary beneficiary, the proceeds will be paid as outlined in the policy/contract. If more than 2 Contingent Beneficiaries, please use a separate sheet of paper and attach it to this form. NOTE: Unless you specify otherwise, if there is more than one contingent beneficiary named, each such person or entity will receive equal shares or an equal share. Please use percentages (%), dollar amounts will not be accepted.

**A. Individual, Corporation or Estate**

**Contingent Beneficiary #1**

☐ Equally OR * ☐ Percentage * _____ %

Name of Contingent Beneficiary #1  (First / Middle / Last) *

Street Address                                   City               State      Zip

SSN/TIN                                          Date of Birth (MM/DD/YYYY)      Relationship to the Insured*

( ___ ) _____
Primary Phone                                    E-Mail Address

Is this Beneficiary a U.S. Citizen? *        ☐ Yes    ☐ No. If No, complete below.

Country of Citizenship

**Contingent Beneficiary #2**

☐ Equally OR * ☐ Percentage * _____ %

Name of Contingent Beneficiary #2  (First / Middle / Last) *

Street Address                                   City               State      Zip

SSN/TIN                                          Date of Birth (MM/DD/YYYY)      Relationship to the Insured*

( ___ ) _____
Primary Phone                                    E-Mail Address

Is this Beneficiary a U.S. Citizen? *        ☐ Yes    ☐ No. If No, complete below.

Country of Citizenship

**B. Trust as Contingent Beneficiary (NOT Under Last Will and Testament)**

☐ Equally* OR ☐ Percentage* _____ %

Name of Trust*                                                   Date of Trust*

Name of Current Trustee                                         Trust Tax ID Number

Street Address                    City                          State      Zip

Is this Beneficiary a U.S. Citizen? *    ☐ Yes    ☐ No. If No, Country of Citizenship

ALL PAGES MUST BE RETURNED - EVEN IF BLANK

## C. Testamentary Trust as Contingent Beneficiary (Trust Within Last Will and Testament)

☐ Equally* OR ☐ Percentage* _____ %

To the trustee of the trust created pursuant to the Last Will and Testament of _____

Insured's Name

as admitted to probate provided the trustee submits a written claim within six months of the death of the person that triggered payment under the policy. If no such claim is made by the trust, the proceeds shall be paid to the contingent beneficiary(ies). If no contingent beneficiary(ies) is name, proceeds will be paid pursuant to the terms of the policy.

**NOTE:** Please add the Contingent Beneficiary (A, B, C) **Percentages** together to ensure the amount is 100%.        Total _____ %

**STEP 4 - IMPORTANT NOTE FOR MINOR CHILDREN DESIGNATED IN STEP 2 OR STEP 3:**

Proceeds cannot be paid directly to a minor beneficiary. If you designate a minor beneficiary in Step 2 or Step 3 above, you should consider designating an adult custodian to receive the proceeds on behalf of the child should payment come due while the child is still a minor. The company will pay the custodian for the benefit of the child under the Uniform Transfers to Minors Act law of the state designated, or the state indicated in the table on Page 1 of the instructions, if a custodian is named but no state is designated.

I designate

_____
Name                                                        Custodian's SSN/TIN

_____
Street Address                     City              State      Zip

as Custodian of the funds payable to _____

Minor's Name(s)

under the _____ Uniform Transfers to Minors Act (or Uniform Gifts to Minors Act if SC is designated).

Name of State

**NOTE:** If a custodian is named but no state-specific Uniform Transfers to Minors Act is designated, The Company will use the provisions of either the Illinois, Nebraska, or New York UTMA as indicated on Page 1 of the instructions.

_____
Successor Custodian Name                     Custodian's SSN/TIN

_____
Street Address                     City              State      Zip

**STEP 5 - SIGNATURES** - The policy/contract owner(s) (or, if a trust is the owner, the trustee(s)) must sign and date the request. List your address so we may send you a confirmation that the change has been accepted. Also, please provide a phone number where we can contact you if we need to obtain or clarify information. If there is an existing irrevocable beneficiary, they must also sign the request.

BY THIS REQUEST I HEREBY CANCEL ALL PRIOR BENEFICIARY (PAYEE) DESIGNATIONS AND SETTLEMENT PROVISIONS ON THIS POLICY/CONTRACT.

NOTICE TO ALL PARTIES COMPLETING THIS FORM: It is fraudulent to fill out this form with information you know to be false or knowingly omit important facts. Criminal and/or civil penalties may result from such acts. This change is subject to the provisions and limitations found in the policy/contract.

Substitute Form W-9 - Under penalties of perjury, I certify that:
1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person; and
4. The FATCA code entered on this form (if any) indicating that the payee is exempt from FATCA reporting is correct.

The Internal Revenue Service does not require your consent to any provisions of this document other than the certification required to avoid backup withholding.

X

SIGN HERE

_____
Owner Signature (if Trust/Corporation, include title) *          Date Signed (MM/DD/YYYY) *

1 1 / 0 9 / 2 0 1 7

_____
Joint Owner Signature (if Trust/Corporation, include title) (if applicable)*          Date Signed (MM/DD/YYYY) *

_____
Irrevocable Beneficiary Signature (if applicable) *          Date Signed (MM/DD/YYYY) *

ALL PAGES MUST BE RETURNED - EVEN IF BLANK

IMPORTANT INSTRUCTIONS FOR

# COMPLETING A BENEFICIARY CHANGE FORM

**This form is to be used for the following group of companies and will be referred to as "The Company" in this document.**

| | | |
|---|---|---|
| **Allstate Assurance Company** | Phone: 1-800-366-1411 | FAX: 1-877-255-1329 |
| **Allstate Life Insurance Company** | Phone: 1-800-366-1411 | FAX: 1-877-255-1329 |
| **Allstate Life Insurance Company of New York** | Phone: 1-800-268-5619 | FAX: 1-877-255-1329 |

Mail or fax the completed, signed and dated form (pages 3, 4, 5, 6 and any additional attachments) to:

**P.O. Box 660191**
**Dallas, TX 75266-0191**

## PLEASE READ CAREFULLY!

- For answers to your questions or for additional assistance, call your agent/representative or a customer service representative. You may also wish to discuss this with your attorney or tax advisor.

- Payment of proceeds to any beneficiary is subject to the interest of any assignee.

- If your policy/contract requires that a change of beneficiary be endorsed, the parties hereby agree that execution of this change of beneficiary form waives that requirement.

- If you cannot sign this form other than by making your mark (X), your execution of the form must be notarized.

- Availability of separate beneficiary designations will vary by product purchased.

- The requested change in the beneficiary designation will not become effective until and unless it is accepted, in writing, by a representative at The Company's home office. Once we approve the request, we will send confirmation, which you should keep with The Company policy/contract or other important papers.

- **Divorce:** If the change in beneficiary designation is being made as the result of a divorce, we suggest that you review the divorce decree and/or property settlement agreement with your attorney to ensure that the intended beneficiary change does not conflict with any provisions in the decree or property settlement agreement. Please be aware that a divorce in some states may result in the automatic revocation of a spouse as beneficiary.

- **Uniform Transfers to Minors Act:** If naming a minor as beneficiary, payment may be made to an adult custodian for the use and benefit of the child(ren) under a state's Uniform Transfers to Minors Act (UTMA) - or Uniform Gifts to Minors Act (in South Carolina). By naming a custodian for minor children, payment may be expedited and may eliminate the need for a court-appointed guardian of the property of the children. If a Custodian is named in the UTMA designation under Step 4 but no State is designated, the state specific UTMA indicated in the table below will be used for the company affiliated with this policy/contract, as that state is the home office location of the company.

| | |
|---|---|
| Illinois UTMA | Allstate Assurance Company<br>Allstate Life Insurance Company |
| New York UTMA | Allstate Life Insurance Company of New York |

ALL PAGES MUST BE RETURNED - EVEN IF BLANK

FIC77LIFE-1          Page 1 of 6          (06/17)

PAGE 1/7 * RCVD AT 11/15/2017 11:30:48 AM [Central Standard Time] * SVR:A0185-XFX0016-S/5 * DNIS:2246772496 * CSID: * ANI:7082555779 * DURATION (mm-ss):02-42



## SAMPLE BENEFICIARY DESIGNATIONS

**1. All Beneficiaries:**

Primary Beneficiary:        Joan A. Smith ...............................................Relationship:  spouse ..........100% Date of Birth:
1/1/1971
Address: 306 Main Street, Townville, State, USA 00011
Taxpayer Identification # (Social Security #): 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

**2. One Primary Beneficiary and one Contingent Beneficiary:**

Primary Beneficiary:        Joan A. Smith ...............................................Relationship:  spouse ..........100%

Contingent Beneficiary:     William B. Smith ..........................................Relationship:  father ............100%

**3. Two Primary Beneficiaries in UNEQUAL amounts:**

Primary Beneficiary:        Joan A. Smith ...............................................Relationship:  spouse ..........75%
William B. Smith ..........................................Relationship:  father .............25%

**4. A Living Trust as Beneficiary (specify name and date of trust):**

Complete Section B of Step 2 (primary beneficiary) or Step 3 (contingent beneficiary)
**Note:** Do not send us a copy of the trust document.

**5. A Testamentary Trust within the Last Will and Testament:**

Complete Section C of Step 2 (primary beneficiary) or Step 3 (contingent beneficiary)
**Notes:**
- Do not specify Trust and/or Trustee name, Date of Will, and do not include a copy of the Will/Last Will and Testament.
- If using a separate sheet of paper you must use the exact verbiage from Step 2C or 3C of this Form.

**6. A Creditor, as their interest appears, as Primary Beneficiary with balance of proceeds to spouse:**

Primary Beneficiaries: ABC Mortgage Corp., Creditor, as their interest appears; and Joan A. Smith, spouse,
balance of proceeds ...............................................................................100%

**7. A minor child (children) as Contingent Beneficiary with nominated Custodian:**

Primary Beneficiary:        Joan A. Smith ...............................................Relationship:  spouse ..........100%

Contingent Beneficiaries:   Michael E. Smith...........................................Relationship:  son ...............50%
Susan F. Smith .............................................Relationship:  daughter.......50%

Complete Step 4 for minor beneficiaries. NOTE: The primary beneficiary cannot be named as the custodian for minor contingent
beneficiaries.

**8. A born and unborn child (children) as contingent beneficiaries:**

Primary Beneficiary:        Joan A. Smith ...............................................Relationship:  spouse ..........100%
Contingent Beneficiary:     Michael E. Smith, son, and those children presently unknown
who are born to or adopted by *Joseph C. Smith* after *9/1/2004*.

**Note:** List information for those children presently known (Name, address, social security number, date of birth, etc.), then state "and those

children presently unknown who are born to or adopted by_____ [name] after _____ [date of

Request for Change of Beneficiary]."

EXHIBIT "D"

REQUEST FOR
# CHANGE OF BENEFICIARY (PAYEE)

**THIS FORM NOT TO BE USED WITH SECTION 401 OR 403(b) CONTRACTS**
*Print clearly using a ball point pen. Any corrections or changes need to be crossed-through, initialed and dated by the policy owner. Do not use correction fluid.*

**\* Denotes Required Field**

**STEP 1 - POLICY/CONTRACT INFORMATION (ALL FIELDS MUST BE COMPLETED)** Only one policy/contract number and Insured per change form. If additional space is needed, please use a separate sheet of paper and attach it to this form.

**Owner**

792744029
Policy/Contract # *

SANDRA MILLER
Owner's Name *                    Owner SSN/TIN          ▓▓▓▓          Date of Birth ▓▓▓▓

411 EAST 26th STREET    CHICAGO HEIGHTS    I L    6 0 4 1 1
Owner's Mailing Address        City              State      Zip

(7 0 8) 2 9 6 6 6 7 6
E-Mail Address                                    Primary Phone

**Joint Owner (if applicable)**

Joint Owner's Name (if applicable) *    Joint Owner SSN/TIN    Date of Birth

Joint Owner's Mailing Address    City        State    Zip

E-Mail Address                    Primary Phone

**Insured**

Insured Name * (if other than Owner)    Insured SSN/TIN    Date of Birth

Insured Mailing Address    City        State    Zip

E-Mail Address                Primary Phone



**STEP 2 - PRIMARY BENEFICIARY (IES) – The person or entity designated to receive the proceeds when they become due.**
If more than 3 Primary Beneficiaries, please use a separate sheet of paper and attach it to this form. Percentages must add up to 100%.
NOTE: Unless you specify otherwise, if there is more than one primary beneficiary named, each such person or entity will receive equal shares or an equal share. Please use percentages (%), dollar amounts will not be accepted.

NOTE FOR POLICIES OWNED BY A TRUST: Designating anyone other than the trust as a beneficiary could result in negative consequences and potential legal conflicts. Accordingly, it is highly recommended that you consult with an independent legal advisor before designating anyone other than the trust.

A. Individual, Corporation or Estate

**Primary Beneficiary #1**

Name of Primary Beneficiary #1 (First / Middle / Last) *: MARK ALLEN MILLER
Street Address: 7243 SW STATE ROAD 47
City: LAKE CITY    State: FL    Zip: 3 2 0 2 4
☐ Equally OR •   ☑ Percentage * 20 %
SSN/TIN:
Relationship to the Insured *: SON
Date of Birth (MM/DD/YYYY): 3 8 6 9 6 5 1 1 8 1
E-Mail Address:
Primary Phone:
Is this Beneficiary a U.S. Citizen? *   ☑ Yes   ☐ No. If No, complete below.
Country of Citizenship:

**Primary Beneficiary #2**

Name of Primary Beneficiary #2 (First / Middle / Last) *: CELEDONIO GARCIA HERNANDEZ JR.
Street Address: 511 WOODWARD STREET
City: BEECHER    State: IL    Zip: 6 0 4 0 1
☐ Equally OR •   ☑ Percentage * 20 %
SSN/TIN:
Relationship to the Insured*: NEPHEW
Date of Birth (MM/DD/YYYY): 7 0 8 3 7 2 3 4 4 9
E-Mail Address:
Primary Phone:
Is this Beneficiary a U.S. Citizen? *   ☑ Yes   ☐ No. If No, complete below.
Country of Citizenship:

**Primary Beneficiary #3**

Name of Primary Beneficiary #3 (First / Middle / Last) *: WILLIAM SAMUEL MARGISON
Street Address: 7211 EDINBURGH ROAD
City: EDINBURGH    State: IN    Zip: 4 6 1 2 4
☐ Equally OR •   ☑ Percentage * 16 %
SSN/TIN:
Relationship to the Insured*: NEPHEW
Date of Birth (MM/DD/YYYY): 3 1 7 5 1 2 0 3 0 0
E-Mail Address:
Primary Phone:
Is this Beneficiary a U.S. Citizen? *   ☑ Yes   ☐ No. If No, complete below.
Country of Citizenship:

B. Trust as Primary Beneficiary (NOT Under Last Will and Testament)

☐ Equally OR*   ☐ Percentage* _____ %

Name of Trust*:
Date of Trust*:

Name of Current Trustee:
Trust Tax ID Number:

Street Address:          City:          State:     Zip:

Is this Beneficiary a U.S. Citizen? *   ☐ Yes   ☐ No, Country of Citizenship

SHERRY CAMACHO
434 NORTH SANDUSKY AVENUE
UPPER SANDUSKY, OHIO 43351

(17%)

NIECE

VICTORIA OLIVAS
434 NORTH SANDUSKY AVENUE
UPPER SANDUSKY, OHIO 43351

(17%)

GREAT NIECE

KYLE ANTHONY REYNOLDS
8224 TAFT STREET
MERRILLVILLE, IN 46410

(5%)

GREAT NEPHEW

WENDY DAWN REYNOLDS
8224 TAFT STREET
MERRILLVILLE, IN 46410

(5%)

NIECE



# COMPLETING A BENEFICIARY CHANGE FORM

EXHIBIT "E"



**Allstate.**
*You're in good hands.*

October 29, 2021

SANDRA MILLER
411 E 26TH ST
CHICAGO HEIGHTS IL 60411

Re: Insured: Sandra Miller
    Policy Number: 792744029

Dear Sandra Miller:

Thank you for choosing Allstate Life to help you prepare for the future.

**Your Beneficiary Information**
We are writing to let you know that we have received and processed the recent beneficiary change request you submitted to us. Your new beneficiary designations are as follows:

| | |
|---|---|
| Primary Beneficiary: | Mark Allen Miller - 20% |
| | Celedonio Garcia Hernandez Jr - 20% |
| | William Samuel Margison - 16% |
| | Sherry Camacho - 17% |
| | Victoria Olivas - 17% |
| | Kyle Anthony Reynolds - 5% |
| | Wendy Dawn Reynolds - 5% |
| Contingent Beneficiary: | N/A |
| Tertiary Beneficiary: | N/A |
| Custodian (if applicable): | N/A |
| Successor Custodian: (if applicable): | N/A |

**DIVORCE REVOCATION:** If any of the listed beneficiaries are an ex-spouse, they may have been revoked as beneficiary per state statute based on the state where the divorce occurred.  If your intention is to keep an ex-spouse named as beneficiary, you will need to submit a Request for Change of Beneficiary renaming the individual as beneficiary after the effective date of the divorce.  If you are unsure if this applies to you, please seek advice from your attorney.

**We Need Information Regarding Your Beneficiary(ies)**
In order to efficiently process a claim in the unfortunate event of the insured's death, we need additional information about your beneficiary (ies).  We ask that you please provide the following information for the beneficiaries on the enclosed form.

☒ Social Security number (SSN)/Tax Identification Number (TIN) of the primary beneficiary(ies)

**Have Questions? Please Contact Us**
Thank you for your cooperation in providing us with the above information.  If you have any
questions regarding this matter, please feel free to contact your agent or us at
1-800-366-1411.

We appreciate your business and are committed to helping provide the financial security you need
now and in the future.

Sincerely,


Life Inforce Processing

cc: John M Bucaro

**Insured:**   Sandra Miller          **Policy Number:  792744029**

Please provide the following information for the beneficiary(ies) listed on the current Request for Change of Beneficiary form.

| | |
|---|---|
| **Name:** | Mark Allen Miller |
| **Social Security Number:** | |
| | |
| | |
| | |
| | |
| **Name:** | Celedonio Garcia Hernandez Jr |
| **Social Security Number:** | |
| | |
| | |
| | |
| | |
| **Name:** | William Samuel Margison |
| **Social Security Number:** | |
| | |
| | |
| | |

_____                    _____
**Owner's Signature**                                   **Date**

_____                    _____
**Joint Owner's Signature (if applicable)**             **Date**

EXHIBIT "F"

11/11/22  12:07:37  Allstate_RFC          ->          Allstate Insurance C Page 002



November 10, 2022

SANDRA MILLER
411 E 26TH ST
CHICAGO HEIGHTS IL 60411

Re: Insured Name: Sandra Miller
    Policy Number:  792744029

Dear Sandra Miller:

We recently received your request for a verification of coverage for the policy listed above.
We have processed your request and enclosed a verification of coverage for your records.

If we can be of further assistance or if you have any questions, please feel free to contact
Customer Service at the toll-free number shown below.

Sincerely,

Life Inforce Processing

cc: Bucaro Insurance Agy

11/11/22  12:07:44  Allstate_RFC           ->              Allstate Insurance C Page 003



## VERIFICATION OF INSURANCE COVERAGE

Everlake Life Insurance Company hereby verifies that the policy information described below is accurate as of November 10, 2022. All information and values are as of the signed date of this letter unless otherwise indicated.

| | |
|---|---|
| **Policy Number:** | 792744029 |
| **Owner:** | Sandra Miller |
| **Primary Insured:** | Sandra Miller |
| **Issue Date:** | 10/05/1994 |
| **Premium Amount/Mode:** | $257.50/Quaterly |
| **Product Name/Type:** | Universal Life Premiere (ULP92)/Universal Life |
| **Additional Benefits:** | Death Benefit Option 1 |
| **Issue Age/Gender:** | 50/Female |
| **Primary Beneficiary:** | Mark Allen Miller - 20% |
| | Celedonio Garcia Hemandez Jr - 20% |
| | William Samuel Margison - 16% |
| | Sherry Camacho - 17% |
| | Victoria Olivas - 17% |
| | Kyle Anthony Reynolds - 5% |
| | Wendy Dawn Reynolds - 5% |
| **Contingent Beneficiary:** | None |
| **Additional Insured:** | NA |
| **Additional Insured Specified Amount/Face Amount:** | $NA |
| **Additional Insured Primary Beneficiary:** | NA |
| **Additional Insured Contingent Beneficiary:** | NA |
| **Policy Value:** | $12,623.58 |
| **Loan Balance:** | $0.00 |
| **Surrender Charge:** | $0.00 |
| **Surrender Value:** | $12,623.58 |
| **Specified Amount/Face Amount:** | $100,000.00 |

## ADDITIONAL INFORMATION

**DIVORCE REVOCATION:** If any of the listed beneficiaries are an ex-spouse, they may have been revoked as beneficiary per state statute based on the state where the divorce occurred. If your intention is to keep an ex-spouse named as beneficiary, you will need to submit a Request for

Change of Beneficiary renaming the individual as beneficiary after the effective date of the divorce. If you are unsure if this applies to you, please seek advice from your attorney.

Tax identification numbers, social security numbers, date of birth and other personally identifiable information are not disclosed to protect our policyholder's confidential information.

Signed for by the company and dated on November 10, 2022.


Life Inforce Processing

EXHIBIT "G"

REQUEST FOR

# CHANGE OF BENEFICIARY (PAYEE)

**THIS FORM NOT TO BE USED WITH SECTION 401 OR 403(b) CONTRACTS**

*Print clearly using a ball point pen. Any corrections or changes need to be crossed-through, initialed and dated by the policy owner. Do not use correction fluid.*

\* Denotes Required Field

**STEP 1 - POLICY/CONTRACT INFORMATION (ALL FIELDS MUST BE COMPLETED)** Only one policy/contract number and Insured per change form. If additional space is needed, please use a separate sheet of paper and attach it to this form.

**Owner**

Policy/Contract # \*    792744D29

Owner's Name \*    Sandra Miller

Owner SSN/TIN

Date of Birth

Owner's Mailing Address    411 E. 20th St.    City    Chicago Heights

State   IL    Zip   60411

E-Mail Address    princesscootie@yahoo.com

Primary Phone   (708) 250-7117

**Joint Owner (if applicable)**

Joint Owner's Name (if applicable) \*

Joint Owner SSN/TIN

Date of Birth

Joint Owner's Mailing Address    City

State    Zip

E-Mail Address

Primary Phone

**Insured**

Insured Name \* (if other than Owner)

Insured SSN/TIN

Date of Birth

Insured Mailing Address    City

State    Zip

E-Mail Address

Primary Phone

PAGE 1/4 \* RCVD AT 1/27/2023 7:09:40 PM [Central Standard Time] \* SVR:A0185-XFX0022-S/6 \* DNIS:2246772496 \* CSID:708 946 3002 \* ANI:7089463002 \* DURATION (mm-ss):02-57

Policy Number: 792744029    Received: 1/27/2023 7:21:07 PM    GUID: 2023271922406792032500

**STEP 2 - PRIMARY BENEFICIARY (IES)** – The person or entity designated to receive the proceeds when they become due.
If more than 3 Primary Beneficiaries, please use a separate sheet of paper and attach it to this form. Percentages must add up to 100%.
NOTE: Unless you specify otherwise, if there is more than one primary beneficiary named, each such person or entity will receive equal shares or an equal share. Please use percentages (%), dollar amounts will not be accepted.

**NOTE FOR POLICIES OWNED BY A TRUST:** Designating anyone other than the trust as a beneficiary could result in negative consequences and potential legal conflicts. Accordingly, it is highly recommended that you consult with an independent legal advisor before designating anyone other than the trust.

**A. Individual, Corporation or Estate**

**Primary Beneficiary #1**

Name of Primary Beneficiary #1 (First / Middle / Last) *  Kicking It Back nonprofit Organization
☐ Equally OR * ☒ Percentage * 50 %

Street Address  522 Fravld St.
City Beecher  State IL  Zip 60401

SSN/TIN  [blacked out]
Date of Birth (MM/DD/YYYY)  (708) 781 2175  Primary Phone
Relationship to the Insured *

E-Mail Address  mrkarate@sbcglobal.net

Is this Beneficiary a U.S. Citizen? *  ☒ Yes  ☐ No. If No, complete below.
Country of Citizenship  United States

**Primary Beneficiary #2**

Name of Primary Beneficiary #2 (First / Middle / Last) *  Nico Cruz Reynolds
☐ Equally OR * ☒ Percentage * 50 %

Street Address  3100 Hopkins St.
City Steger  State IL  Zip 60475

SSN/TIN  [blacked out]
Date of Birth (MM/DD/YYYY)  (708) 250 1117  Primary Phone
Relationship to the Insured*  aunt

E-Mail Address  princesspoohie@yahoo.com

Is this Beneficiary a U.S. Citizen? *  ☒ Yes  ☐ No. If No, complete below.
Country of Citizenship  United States

**Primary Beneficiary #3**

Name of Primary Beneficiary #3 (First / Middle / Last) *
☐ Equally OR * ☐ Percentage * ___ %

Street Address
City  State  Zip

SSN/TIN
Date of Birth (MM/DD/YYYY)  Primary Phone
Relationship to the Insured*

E-Mail Address

Is this Beneficiary a U.S. Citizen? *  ☐ Yes  ☐ No. If No, complete below.
Country of Citizenship

**B. Trust as Primary Beneficiary (NOT Under Last Will and Testament)**

☐ Equally OR* ☐ Percentage* ___ %

Name of Trust*  Date of Trust*

Name of Current Trustee  Trust Tax ID Number

Street Address  City  State  Zip

Is this Beneficiary a U.S. Citizen? *  ☐ Yes  ☐ No. If No, Country of Citizenship ___

**C. Testamentary Trust as Primary Beneficiary (Trust Within Last Will and Testament)**

☐ Equally* OR ☐ Percentage* _____ %

To the trustee of the trust created pursuant to the Last Will and Testament of _____

Insured's Name*

as admitted to probate provided the trustee submits a written claim within six months of the death of the person that triggered payment under the policy. If no such claim is made by the trust, the proceeds shall be paid to the contingent beneficiary(ies). If no contingent beneficiary(ies) is named, proceeds will be paid pursuant to the terms of the policy.

**NOTE:** Please add the Primary Beneficiary (A, B, C) Percentages together to ensure the amount is 100%.    Total ——— %

**STEP 3 - CONTINGENT BENEFICIARY(IES)** - An alternate beneficiary designated to receive the proceeds if there is no eligible primary beneficiary. If you are only making the change to the contingent beneficiary, please rename the primary beneficiary because acceptance of the change by the company cancels all prior designations. If no contingent beneficiary is designated, and if we are unable to pay the primary beneficiary, the proceeds will be paid as outlined in the policy/contract. If more than 2 Contingent Beneficiaries, please use a separate sheet of paper and attach it to this form. NOTE: Unless you specify otherwise, if there is more than one contingent beneficiary named, each such person or entity will receive equal shares or an equal share. Please use percentages (%), dollar amounts will not be accepted.

**A. Individual, Corporation or Estate**

**Contingent Beneficiary #1**

☐ Equally OR * ☐ Percentage * _____ %

Name of Contingent Beneficiary #1   (First / Middle / Last) *

Street Address

City     State     Zip

SSN/TIN

Date of Birth (MM/DD/YYYY)     Relationship to the Insured*

( ) Primary Phone

E-Mail Address

Is this Beneficiary a U.S. Citizen? *     ☐ Yes   ☐ No. If No, complete below.

Country of Citizenship

**Contingent Beneficiary #2**

☐ Equally OR * ☐ Percentage * _____ %

Name of Contingent Beneficiary #2   (First / Middle / Last) *

Street Address

City     State     Zip

SSN/TIN

Date of Birth (MM/DD/YYYY)     Relationship to the Insured*

( ) Primary Phone

E-Mail Address

Is this Beneficiary a U.S. Citizen? *     ☐ Yes   ☐ No. If No, complete below.

Country of Citizenship

**B. Trust as Contingent Beneficiary (NOT Under Last Will and Testament)**

☐ Equally* OR ☐ Percentage* _____ %

Name of Trust*     Date of Trust*

Name of Current Trustee     Trust Tax ID Number

Street Address     City     State     Zip

Is this Beneficiary a U.S. Citizen? *     ☐ Yes   ☐ No. If No, Country of Citizenship

FIC77LIFE-1

ALL PAGES MUST BE RETURNED - EVEN IF BLANK
Page 5 of 6

(02/19)

**C. Testamentary Trust as Contingent Beneficiary (Trust Within Last Will and Testament)**

☐ Equally* OR ☐ Percentage* _____ %

To the trustee of the trust created pursuant to the Last Will and Testament of _____

Insured's Name

as admitted to probate provided the trustee submits a written claim within six months of the death of the person that triggered payment under the policy. If no such claim is made by the trust, the proceeds shall be paid to the contingent beneficiary(ies). If no contingent beneficiary(ies) is name, proceeds will be paid pursuant to the terms of the policy.

**NOTE:** Please add the Contingent Beneficiary (A, B, C) Percentages together to ensure the amount is 100%.    Total _____ %

**STEP 4 - IMPORTANT NOTE FOR MINOR CHILDREN DESIGNATED IN STEP 2 OR STEP 3:**

*Proceeds cannot be paid directly to a minor beneficiary. If you designate a minor beneficiary in Step 2 or Step 3 above, you should consider designating an adult custodian to receive the proceeds on behalf of the child should payment come due while the child is still a minor. The company will pay the custodian for the benefit of the child under the Uniform Transfers to Minors Act law of the state designated, or the state indicated in the table on Page 1 of the instructions, if a custodian is named but no state is designated.*

I designate __Courtney Nicole Reynolds__

Name

__3100 Hopkins St.__          __Steger__          IL   6 0 4 7 5

Street Address                     City               State    Zip

as Custodian of the funds payable to __Nico Cruz Reynolds__ ,

Minor's Name(s)

under the __Illinois__ Uniform Transfers to Minors Act (or Uniform Gifts to Minors Act if SC is designated).

Name of State

**NOTE:** If a custodian is named but no state-specific Uniform Transfers to Minors Act is designated, The Company will use the provisions of either the Illinois, Nebraska, or New York UTMA as indicated on Page 1 of the instructions.

_____          _____          | | | | | | | |

Successor Custodian Name                              Custodian's SSN/TIN

_____          _____          | | | | | | | |

Street Address                     City               State    Zip

**STEP 5 - SIGNATURES** - The policy/contract owner(s) (or, if a trust is the owner, the trustee(s)) must sign and date the request. List your address so we may send you a confirmation that the change has been accepted. Also, please provide a phone number where we can contact you if we need to obtain or clarify information. If there is an existing irrevocable beneficiary, they must also sign the request.

**BY THIS REQUEST I HEREBY CANCEL ALL PRIOR BENEFICIARY (PAYEE) DESIGNATIONS AND SETTLEMENT PROVISIONS ON THIS POLICY/CONTRACT.**

**NOTICE TO ALL PARTIES COMPLETING THIS FORM:** It is fraudulent to fill out this form with information you know to be false or knowingly omit important facts. Criminal and/or civil penalties may result from such acts. This change is subject to the provisions and limitations found in the policy/contract.

Substitute Form W-9 - Under penalties of perjury, I certify that:
1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person; and
4. The FATCA code entered on this form (if any) indicating that the payee is exempt from FATCA reporting is correct.

The Internal Revenue Service does not require your consent to any provisions of this document other than the certification required to avoid backup withholding.

**X**  SIGN HERE

_Sandra Miller_          0 1 / 1 1 / 2 0 2 3

Owner Signature (if Trust/Corporation, include title) *          Date Signed (MM/DD/YYYY) *

_____          | | / | | / | | | |

Joint Owner Signature (if Trust/Corporation, include title) (if applicable)*          Date Signed (MM/DD/YYYY) *

_____          | | / | | / | | | |

Irrevocable Beneficiary Signature (if applicable) *          Date Signed (MM/DD/YYYY) *



EXHIBIT "H"



February 1, 2023

SANDRA MILLER
COURTNEY REYNOLDS
411 E 26TH ST
CHICAGO HEIGHTS IL 60411

Re: Insured: Sandra Miller
     Policy Number: 792744029

Dear Sandra Miller:

Thank you for choosing Everlake Life Insurance Company to help you prepare for the future.

We are writing to let you know that we have processed your recent beneficiary change request. As a result, your new beneficiary designations are as follows:

| | |
|---|---|
| Primary Beneficiary: | Kicking It Back Nonprofit Organization- 50%<br>Nico Cruz Reynolds- 50% |
| Contingent Beneficiary: | N/A |
| Tertiary Beneficiary: | N/A |
| Custodian (if applicable): | Courtney Nicole Reynolds |
| Successor Custodian:<br>(if applicable): | N/A |

**DIVORCE REVOCATION:** If any of the listed beneficiaries are an ex-spouse, they may have been revoked as beneficiary per state statute based on the state where the divorce occurred. If your intention is to keep an ex-spouse named as beneficiary, you will need to submit a Request for Change of Beneficiary renaming the individual as beneficiary after the effective date of the divorce. If you are unsure if this applies to you, please seek advice from your attorney.

Please keep this document with your other important policy documents. If you have questions regarding this letter, please feel free to contact your agent or Customer Service at 1-800-366-1411.

We appreciate your business and are committed to helping provide the financial security you need now and in the future.

Sincerely,


Life Inforce Processing

cc: John M Bucaro

EXHIBIT "I"

# COOK COUNTY CLERK VITAL RECORDS
## CHICAGO, ILLINOIS
### MEDICAL CERTIFICATE OF DEATH

STATE FILE NUMBER  2023 0011159

DATE ISSUED  2/15/2023

| DECEDENT'S LEGAL NAME | SEX | DATE OF DEATH |
|---|---|---|
| SANDRA MILLER | FEMALE | FEBRUARY 08, 2023 |

| COUNTY OF DEATH | AGE AT LAST BIRTHDAY | DATE OF BIRTH |
|---|---|---|
| COOK | 78 YEARS | |

| CITY OR TOWN | HOSPITAL OR OTHER INSTITUTION NAME |
|---|---|
| STEGER | 3100 HOPKINS STREET |

**PLACE OF DEATH**
DECEDENT'S HOME

| BIRTHPLACE | SOCIAL SECURITY NUMBER | STATUS AT TIME OF DEATH | SURVIVING SPOUSE/CIVIL UNION PARTNERS MAIDEN NAME | EVER IN U.S. ARMED FORCES? |
|---|---|---|---|---|
| MARION, OH | | WIDOWED | | NO |

| RESIDENCE | APT. NO. | CITY OR TOWN | INSIDE CITY LIMITS? |
|---|---|---|---|
| 3100 HOPKINS STREET | | STEGER | YES |

| COUNTY | STATE | ZIP CODE | FATHER'S/PARENT'S NAME PRIOR TO FIRST MARRIAGE/CIVIL UNION | MOTHER'S/PARENT'S NAME PRIOR TO FIRST MARRIAGE/CIVIL UNION |
|---|---|---|---|---|
| COOK | IL | 60475 | SAMSON ELLSWORTH | MURRIEL DOWNING |

| INFORMANT'S NAME | RELATIONSHIP | MAILING ADDRESS |
|---|---|---|
| COURTNEY REYNOLDS | NIECE | 3100 HOPKINS STREET, STEGER, IL, 60475 |

| METHOD OF DISPOSITION | PLACE OF DISPOSITION | LOCATION - CITY OR TOWN AND STATE | DATE OF DISPOSITION |
|---|---|---|---|
| BURIAL | ABRAHAM LINCOLN NATIONAL CEMETERY | ELWOOD, IL | FEBRUARY 13, 2023 |

| FUNERAL HOME |
|---|
| HACK-JENSEN FUNERAL HOME, 753 HODGES ST, BEECHER, IL, 60401 |

| FUNERAL DIRECTOR'S NAME | FUNERAL DIRECTOR'S ILLINOIS LICENSE NUMBER |
|---|---|
| RUSSEL JENSEN | 034015542 |

| LOCAL REGISTRAR'S NAME | DATE FILED WITH LOCAL REGISTRAR |
|---|---|
| KAREN A YARBROUGH | FEBRUARY 9, 2023 |

**CAUSE OF DEATH**  PART I. MALIGNANT NEOPLASM OF BREAST

IMMEDIATE CAUSE
(Final disease or condition resulting in death)

a.

Due to (or as a consequence of):

b. SECONDARY MALIGNANT NEOPLASM OF BONE

Due to (or as a consequence of):

c.

Due to (or as a consequence of):

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH

MONTHS

MONTHS

| PART II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in PART I. | WAS AN AUTOPSY PERFORMED?  NO |
|---|---|
| | WERE AUTOPSY FINDINGS USED TO COMPLETE CAUSE OF DEATH?  N/A |

| FEMALE PREGNANCY STATUS | MANNER OF DEATH |
|---|---|
| NOT APPLICABLE | NATURAL |

| DATE OF INJURY | TIME OF INJURY | PLACE OF INJURY | INJURY AT WORK? |
|---|---|---|---|
| | | | |

**LOCATION OF INJURY**

| DESCRIBE HOW INJURY OCCURRED | IF TRANSPORTATION INJURY, SPECIFY |
|---|---|
| | |

| ATTEND THE DECEASED? | DATE LAST SEEN ALIVE | WAS MEDICAL EXAMINER OR CORONER CONTACTED? | DATE PRONOUNCED | TIME OF DEATH |
|---|---|---|---|---|
| NO | UNKNOWN | YES | | 09:00 AM |

| CERTIFIER | DATE CERTIFIED |
|---|---|
| PHYSICIAN | FEBRUARY 08, 2023 |

| NAME, ADDRESS AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH | PHYSICIAN'S LICENSE NUMBER |
|---|---|
| DR LINDSAY TENGERSTROM, 523 EAST NORTH STREET SUITE C, BRADLEY, ILLINOIS, 60915 | 036-146709 |

2503981

This is to certify that this is a true and correct copy from the official death record filed with the Illinois Department of Public Health.





Karen A. Yarbrough
Cook County Clerk

EXHIBIT "J"

**Hillman, Noah**

| | |
|---|---|
| **From:** | nanaof15kids <nanaof15kids@yahoo.com> |
| **Sent:** | Tuesday, February 28, 2023 3:50 PM |
| **To:** | Hillman, Noah |
| **Subject:** | [External] On Sandra Jean Martinez - Miller's Policy |

I'm truly sorry for everything that is going on. Mark and I don't understand how it is possible that Celedonio Hernandez Jr. was able to totally change (3) Life Insurance policies in where ( 2 ) Mark Miller —Sandra's only son was the only one insured on it. One through Allstate Insurance and the other one is Prudential Insurance Company. (But total all together 3)

He may have had power of attorney at one short term last year, but for the past last three months Cortney Reynolds had it. When we went to visit our mom in June of last year 2022 neither one of them was taking care of her, a friend of Sandra's would drop by at her house and run errands for her; and at that point she was capable of talking but repeated what she said quite often. We just got informed in January of this year 2023 from Cortney that Mark's mom was bed riden, unable to eat, talk and was being fed through only a straw. Then on February 8 (which was my birthday) at 7 o clock in the evening Mark got a call about her passing away —in which we found out it was at 9:00am (on the day of the 8 of February 2023 ) from the death certificate. To top it off Cortney transferred all Mark's money from his mom's account at 9:40am that same morning she passed away (40 minutes later) in which he lost 3,000 due to (Cortney) transfering it to her joint account with her so.

Our Mom had those policy set up the way she wanted them from her heart and since Mark was born, she loved her son tremendously and was always concerned about him because he has health issues since he was 19 (he is going blind, and had a heart pacer in since he was 19, along with a syndrome that weakens all his muscles including his eyes —in which he has plates in them to keep them a little open to see, and believe it or not he only weighs 82 pounds. I'm sorry to throw all this in but GOD knows that the action taken by Celedonio Hernandez Jr was totally wrong, and at the time and month that our mother was incapable of making any decisions because of her severe cancer in the brain, breast and lungs, she has been pretty much incapable of doing nothing— not even talking or writing or eating well for the past few months of her passing away time. So I please ask you to take all this into consideration, and know that we really feel that the actions taken by Celedonio and Cortney where totally wrong especially when they did it on our mom's death bed and 40 minutes after passing away ...and are still trying to get all they can.

One more thing, Mark said his mother's funeral was totally free, because his dad was in the military and it was a military cemetery. Just in case you needed to know, and our Mom's medical coverage was all taken care of, too.

I'm so sorry for the long letter, but my heart goes out to all those who are doing unjustly with something that our mom did for those who meant the world to her, and she did it her way thinking that the few good people would be honest and happy, and blessed that she loved them so much being part of her life.

If you have any questions please contact me, and if it's possible for you to let Prudential Life Insurance Company know about Celedonio Hernandez Jr making changes on all Allstate policies of Sandra's and Mark's Milller — especially when he didn't have power of attorney rights at that time and on her death bed and after her passing away. Because he (Celedonio) made himself head of Mark on a policy that Mark was the sole-insured holder of that policy —now he's second on the list. If you possibly can say something to them, we would really appreciate it, because now they are unable to discuss anything with us because Celedonio Hernandez Jr changed it.

Here's some phones numbers in case you need them.

Celedonio Hernandez Jr 1-(708) 372-3449
Cortney Reynolds 1-(708) 250-7117

Prudential Life Insurance 1-847-667-4602
Sandra J. Martinez -Miller
Mark Miller

Policy # 76589924

I sure hope and pray that all this can get corrected justly and peacefully. Thank you for your time and service Mr Noah Hillman.

~M. Denise Miller ツ

Sent via the Samsung Galaxy A32 5G, an AT&T 5G smartphone